UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| RENETTO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:07-cv-00789-GBL-TCB |
| | ) | |
| PROFESSIONAL SALES AND MARKETING GROUP, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
OR TO CHANGE VENUE**

Defendant Professional Sales and Marketing Group, Inc. ("PSM"), by counsel, in support of its Motion to Dismiss Complaint for Lack of Personal Jurisdiction or to Change Venue, states as follows:

**I.     INTRODUCTION**

PSM had already filed a lawsuit against Plaintiff Renetto LLC ("Renetto") in Illinois, when Renetto initiated this action in this Court. Indeed, before Renetto initiated this lawsuit, Renetto already had removed that lawsuit to the U.S. District Court for the Northern District of Illinois (the "Illinois District Court), and the Illinois District Court advanced that litigation by dismissing the state court complaint, by ordering PSM to file an appropriate federal complaint or a motion to remand, and by ordering the parties to attempt to settle the matter. The Illinois District Court also ordered the parties to file a joint status report by August 20, 2007.

In an apparent attempt to circumvent the order of the Illinois District Court, Renetto filed its complaint in this Court on August 9, 2007. Renetto's claims in this case are based upon the same agreements and transactions alleged in PSM's Illinois lawsuit; Renetto should have

asserted its claims as counterclaims in the Illinois District Court action. But instead, Renetto chose to complicate the dispute by initiating this action in this Court, even though Renetto is not a citizen of Virginia, PSM is not a citizen of Virginia, PSM transacts no business in Virginia related to this cause of action, and almost all of the events underlying the dispute occurred outside of Virginia. Accordingly, this action should be dismissed because this Court has no personal jurisdiction over PSM. Alternatively, this Court should transfer this action to the United States District Court for Northern District of Illinois so that it may be consolidated into PSM's previously filed and currently pending Illinois lawsuit, which pertains to the same factual circumstances underlying Renetto's claims in this action.

This Court's refusal of either request for relief will result in costly, duplicative litigation of the same issues in two different federal courts; the Illinois District Court has accepted pleadings in the case, ruled on motions, directed and conducted settlement conferences, received filed status reports, and has ordered Rule 26(a)(1) disclosures, some of which have been served.

## II.  BACKGROUND

### A.  The Illinois Action

On June 13, 2007, PSM filed a complaint (the "Illinois Complaint") against Renetto and Swimways in the Circuit Court of Cook County, Illinois. (*See* Complaint for Injunctive and Other Relief, Case No. 07CH15657, attached as Exhibit A.) The Illinois Complaint was served upon Renetto on June 30, 2007 and upon Swimways on June 28, 2007. (*See* Joint Notice of Removal, Case No. 07CV3951, attached as Exhibit B.)

In the Illinois Complaint, PSM alleges Renetto developed and designed a folding outdoor chair with a canopy to block the sun from the person sitting in the chair (the "Canopy Chair"). (*See* Illinois Compl., Ex. A at ¶ 6.) Renetto and PSM entered into an agreement under which PSM provided Renetto the development, production, marketing, and sales expertise required to

bring the Canopy Chair to the market. By the first quarter of 2006, PSM had completed the engineering work and had pushed forward with production of the Canopy Chair. (Id. at ¶¶ 10-11.) On April 4, 2006, Renetto and PSM entered into a Sales Agreement, which was memorialized in an e-mail signed by representatives of both companies. (Id. at ¶¶ 15-17 and Ex. A to the Illinois Compl.) Under the terms of the Sales Agreement, PSM had the exclusive right to sell the Canopy Chair through the end of 2006. (Id. at ¶ 31.) The Sales Agreement specified the royalty payments PSM would owe Renetto for sales of the Canopy Chair. (Id. at ¶ 33.) The Sales Agreement also provided Renetto with the right either to continue the agreement into 2007 or to terminate the arrangement by providing written notice by the end of 2006. (Id. at ¶ 35.) Renetto, however, did not provide any notice of termination; rather, Renetto consented to the extension of the exclusive Sales Agreement through 2007. (Id. at ¶ 37.)

In the Illinois Complaint, PSM further alleges that it and Renetto agreed to form a joint venture to develop, manufacture, and market separate and distinct lines of canopy chairs, including a children's canopy chair, a beach canopy chair, an aluminum canopy chair, and a soft top canopy chair (collectively, the "Related Chairs"). (Id. at ¶¶ 42-45.) Under the terms of the joint venture, PSM and Renetto would jointly own the intellectual property to the new Related Chairs and PSM would be the exclusive marketer of the Related Chairs. (Id. at ¶ 47.) None of the foregoing facts and circumstances occurred in or had any connection to Virginia. (Id. at ¶¶ 6-47.)

PSM also contends that in the first or second quarter of 2007, Renetto sold its intellectual property rights in the Canopy Chair and the Related Chairs to Swimways. (Id. at ¶ 47.) On May 4, 2007, PSM received an e-mail from the general counsel of Swimways, informing PSM that Swimways had purchased all the intellectual property relating to both the Canopy Chair and the

amended complaint, and on August 20, 2007, the parties submitted separate status reports. (Id. at #12, 18, 19.) The next day, the Illinois District Court conducted a hearing on and granted PSM's motion. The Illinois District Court also ordered that a settlement conference be conducted on September 12, 2007. (Id. at #20.) The settlement conference was later rescheduled to and was held on September 25, 2007. (Id. at #22.) At that conference, the parties were unable to reach any settlement and the Illinois District Court ordered that PSM's amended complaint be filed by October 2, and that the parties file their initial disclosures thereafter. (Id. at #23.)

PSM timely filed its Amended Complaint ("Amended Illinois Complaint"). (See Amended Complaint for Injunctive and Other Relief, Case No. Case No. 1:07-cv-03951, attached as Exhibit D.) In its Amended Illinois Complaint, PSM adds claims for tortious interference with contract and business expectancy against Swimways and claims for quantum meruit against both Renetto and Swimways. (Id. at ¶¶ 77-89, 116-125.) Otherwise, the Amended Illinois Complaint is substantially the same as the PSM's original Illinois Complaint. On October 9, 2007, PSM served its Rule 26(a)(1) disclosures on Renetto and Swimways.

**B.    The Virginia Action**

By August 9, 2007, the Illinois Complaint had been filed in Illinois state court, Renetto and Swimways had been served, Renetto and Swimways had removed the action to the Illinois District Court, and that Court had ordered settlement negotiations. Nevertheless, on August 9, Renetto initiated this action by filing its Verified Complaint and Demand for Jury Trial (the "Virginia Complaint"). In this Complaint, Renetto asserted a breach of contract claim against PSM, alleging that PSM breached the "distribution agreement" between Renetto and PSM by failing to pay royalties and by marketing the Canopy Chairs in ways unauthorized by Renetto. (See Virginia Compl. at ¶¶ 16-21, 28-32.) Renetto also asserted a breach of fiduciary duty claim

5

against PSM, alleging that PSM disclosed confidential information to Swimways. (Id. at ¶¶ 33-38.) Renetto also asserted a claim for tortious interference with perspective advantage and misappropriation of products claims against PSM. (Id. at ¶¶ 39-50.)

### III. ARGUMENT

#### A. This Court lacks personal jurisdiction over PSM, and thus this case must be dismissed.

The courts engage in a two-step analysis when evaluating jurisdiction pursuant to a long-arm statute. First, the court must determine whether Virginia's long-arm statute, Va. Code § 8.01-328.1, reaches the defendant. Second, the court must determine whether the statutory assertion of jurisdiction is consistent with the Due Process clause of the Constitution. English & Smith v. Metzger, 901 F.2d 36, 38 (4th Cir. 1990). Renetto has the burden of establishing that this Court has jurisdiction over PSM. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

#### 1. The Virginia long-arm statute does not extend jurisdiction over PSM because PSM does not transact any business in Virginia.

The Virginia long-arm statute provides that this Court may exercise personal jurisdiction over any person "who acts directly or by an agent, as to a cause of action arising from the person's . . . transacting any business in this Commonwealth." Va. Code § 8.01-328.1(A)(1). The factors that courts consider when determining whether a defendant has transacted business in the forum are "(1) where any contracting occurred, and where the negotiations took place, (2) who initiated the contact, (3) the extent of the communications, both telephonic and written, between the parties, and (4) where the obligations of the parties under the contract were to be performed." Affinity Memory & Micro, Inc. v. K&Q Enter., Inc., 20 F. Supp. 2d 948, 952 (E.D. Va. 1998).

In the Virginia Complaint, Renetto generally alleges that PSM conducts business in Virginia and "derives substantial derives [sic] financial benefit from its business dealings within

the state." (*See* Virginia Compl. at ¶ 4.) This bare allegation, however, is not adequate. PSM conducts no business in Virginia related to the Canopy Chair or any of Renetto's claims or allegations in this cause of action, and Renetto makes no other allegations regarding PSM's business in Virginia. (*See* Affidavit of Todd Shraiberg, attached as Exhibit E at ¶ 3.)

None of PSM's contracting discussions or negotiations occurred in Virginia. Rather, the negotiations regarding the sales agreement and joint venture occurred between Todd Shraiberg, Howard Shraiberg, and Paul Robinette of Renetto, while they were in Northbrook, Illinois. (*See* Ex. E, Shraiberg Aff. at ¶ 5.) Indeed, Renetto and PSM signed the email memorializing the sales agreement in Illinois. (*See* Ex. E, Shraiberg Aff. at ¶ 7.) Renetto also cannot accurately allege that PSM initiated the contact with Virginia because representatives of Renetto and PSM first discussed the possibility of working together at a trade show in Hong Kong in the fall of 2005. (*See* Illinois Compl., Ex. A at ¶ 9.) Nor can Renetto allege that PSM's obligations under the sales agreement and joint venture where to be performed. Rather, PSM developed and marketed the Canopy Chair from its offices in Illinois and PSM manufactured the chairs at its production facilities overseas. (*See* Ex. E, Shraiberg Aff. at ¶ 9-10.)

In its only other allegation involving both PSM and Virginia, Renetto contends "upon information and belief" that Howard Shraiberg of PSM called Swimways' General Counsel Anthony Vittone, to complain about the quality of the Canopy Chair, and asserted that Renetto could not license the Canopy Chair to Swimways. (*See* Virginia Compl. at ¶ 26.) This single alleged act, however, does not submit PSM to Virginia's jurisdiction.

A single act of business will not suffice to establish jurisdiction unless the action arises from that same transaction; the phrase "arising from" in the statute requires that there be a causal

link between the acts relied upon for personal jurisdiction and the cause of action asserted. Dunham v. Hotelera Canco, S.A., 933 F.Supp. 543, 553 (E.D. Va. 1996).

In the instant case, Renetto's claims do not arise from Shraiberg's single alleged phone call to Swimways. Rather, Renetto's claims arise from its business arrangements with PSM and PSM's alleged breach of its obligations under those arrangements. Additionally, when allegedly making this phone call, Mr. Shraiberg was not transacting business as required by the Virginia long-arm statute. Indeed, PSM and Swimways have never transacted any business with each other. (See Ex. E, Shraiberg Aff. at ¶ 11.)[1] Because PSM does not transact business in Virginia related to the allegations of this case, Virginia's long-arm statute simply does not apply.

2. **Due Process is not satisfied here because PSM does not have sufficient minimum contacts with Virginia.**

If the requirements of Virginia's long-arm statute are satisfied, then due process must also be satisfied. PSM must have sufficient "minimum contacts" with Virginia so that requiring it to defend its interests in Virginia would not "offend 'traditional notions of fair play and substantial justice'." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The extent of Virginia's jurisdiction over persons outside of its borders can be determined either by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984); ALS Scan, Inc. v. Digital Service Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002). In this

---

[1] This single alleged phone call does not subject PSM to jurisdiction under Va. Code § 8.01-328.1(A)(3) ("Causing a tortious injury by act or omission in this Commonwealth") because Renetto has not alleged that provision as a basis of jurisdiction. See New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 n.6 ("[P]laintiffs who assert jurisdiction under only one provision of the long-arm statute cannot obtain jurisdiction under an unclaimed provision.")

case, Renetto cannot satisfy its burden of establishing either specific or general jurisdiction over PSM.

To establish general jurisdiction over PSM, its activities in Virginia must have been "continuous and systematic," a more demanding standard than is necessary for establishing specific jurisdiction. *See* Helicopteros, 466 U.S. at 414 & n. 9. As seen above, PSM conducts no business in Virginia related to the Canopy Chair or the allegations of this case. (*See* Ex. E, Shraiberg Aff. at ¶ 3.) Renetto's bare allegation of a single phone call to Swimways does not constitute "continuous and systematic" activity which subjects PSM to general jurisdiction. Accordingly, this Court cannot constitutionally assert general personal jurisdiction over PSM.

In determining specific jurisdiction, this Court should consider (1) the extent to which PSM "purposefully availed" itself of the privilege of conducting activities in Virginia; (2) whether Renetto's claims arise out of those activities directed at Virginia; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable." *See* ALS Scan, 293 F.3d at 712 (*citing* Christian Science Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001)). The facts and allegations presented here do not establish that this Court has specific jurisdiction over PSM because all of the business that PSM conducted with Renetto occurred either in Illinois, in one of Renetto's home states of Maryland, Ohio, and Arizona, or overseas. (*See* Ex. E, Shraiberg Aff. at ¶ 6.) Further, all of Renetto's claims against PSM arise out of these same business transactions, none of which occurred in Virginia.

The only connection between PSM and Virginia presented in this case is Renetto's allegation "upon information and belief" that PSM called Swimways, complaining about the Canopy Chair's quality and asserting Swimways could not license the Canopy Chair. (*See*

Virginia Compl. at ¶ 26.)  Besides this alleged phone call, PSM conducted no business with Swimways.  But it is clearly not constitutionally reasonable to exercise jurisdiction over PSM solely on the basis of this one alleged phone call.

The lone phone call alleged to have been made by PSM to Swimways is not sufficient to establish personal jurisdiction over PSM.  This same result was reached in Unidyne Corp. v. Aerolineas Argentinas, 590 F.Supp. 391 (E.D. Va. 1984).  In Unidyne, the plaintiff brought an action in this Court against a foreign airline, which conducted no business in Virginia, alleging that the airline damaged cargo while transporting it to the plaintiff.  Id. at 392-393.  The airlines' only connection with Virginia was the exchange of several letters, telex messages, and phone calls to the plaintiff regarding the damaged shipment and possible settlements.  Id. at 395-396.  The plaintiff argued that by merely conducting these settlement negotiations, the airline was transacting business in Virginia and thus subject to this Court's jurisdiction.  This Court rejected that argument, ruling that "[m]ere telephone conversations, telex messages and letters *negotiating* a transaction are insufficient to form a basis for in personam jurisdiction."  Id. at 396 (emphasis in original).  Likewise, in this case, PSM's alleged telephone conversation with Swimways discussing Renetto's purported change of distributors is an insufficient basis for personal jurisdiction.  *See also* Consulting Engineers, Inc. v. Geometric Software Solutions, No. 1:06cv956, 2007 WL 1072010 (E.D. Va. April 3, 2007) (series of emails and phone calls between plaintiff and defendants was insufficient to establish personal jurisdiction); Village Lane Rentals, LLC v. Capital Fin. Group, 159 F. Supp. 2d 910, 915 (W.D. Va. 2001) (Defendant's only direct contact with Virginia consisted of a few phone calls and letters; "These sporadic, attenuated acts do not merit the imposition of jurisdiction."); Viers v. Mounts, 466 F.Supp. 187, 191 (E.D. Va. 1979) ("[M]ere contract negotiations" between Virginia citizen and nonresident,

for a contract that would be executed and performed outside of Virginia, do not establish personal jurisdiction over nonresident.).

Because PSM's alleged contact with Virginia is nothing more than a phone call to Swimways, this Court cannot constitutionally assert personal jurisdiction over PSM. Accordingly, PSM's Motion to Dismiss must be granted.

### B. Alternatively, this Court should transfer this action to the Illinois District Court under the First-Filed Rule.

Even if this Court has jurisdiction over PSM, this Court should transfer this action to the Illinois District Court under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This case could have been brought in the Illinois District Court. Under 28 U.S.C. § 1391(a), when a cause of action is founded upon diversity of citizenship jurisdiction, as this case is, the action may be brought in a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred." As noted above, PSM and Renetto negotiated the sales agreement and the joint venture in the Northern District of Illinois, and PSM engineered, developed, and marketed the Canopy Chair out of its offices in the Northern District of Illinois. (See Ex. E, Shraiberg Aff. at ¶¶ 5, 7, 9.) Accordingly, a transfer of this case to that court is appropriate under section 1404(a). Indeed, because PSM filed an action in the Illinois District Court, the First-Filed Rule counsels that this case must be transferred.

"Under the 'first-filed' rule, for purposes of choosing between possible venues when parallel litigation has been instituted in separate courts, the court in which jurisdiction first attaches should be the one to decide the case." Affinity Memory & Micro, Inc. v. K&Q Enter., Inc., 20 F. Supp. 2d 948, 954 (E.D. Va. 1998); see also Ellicott Machine Corp. v. Modern

11

Welding Co., Inc., 502 F.2d 178, 180 (4th Cir. 1974) ("It has long been held in this circuit that, as a principle of sound judicial administration, the first suit should have priority, 'absent the showing of balance of convenience in favor of the second action.'"). Here, PSM filed its original Illinois Complaint on June 13, 2007, nearly two months before Renetto filed its Virginia Complaint. *See* Affinity, 20 F. Supp. 2d at 954 n.10 ("When a state action is removed to federal court, for first-to-file purposes, the state court filing date is the date used.").

The first-filed rule, however, is not applied mechanically; the court must conduct a thorough transfer analysis "to determine if the balance of convenience favors transfer." Id. at 954. The factors to consider include plaintiff's choice of venue, witness convenience, access to sources of proof, party convenience, and the interest of justice. Samsung Elec. Co., Ltd., v. Rambus Inc., 386 F. Supp. 2d 708, 716 (E.D. Va. 2005). In this case, these factors favor transfer.

The plaintiff in this case Renetto has chosen this Court as its forum, but as noted above, Renetto is not a citizen of Virginia, and the operative facts of its claims did not occur in Virginia; as a consequence, Renetto's cause of action bears little or no relation to Virginia. When a plaintiff chooses a venue with such a disconnection from the cause of action, the plaintiff's choice of forum is not entitled to substantial weigh. *See* Samsung, 386 F. Supp. 2d at 716 (less weigh accorded to choice of venue when plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum); *see also* Learning Network, Inc. v. Discovery Comms., Inc., 11 Fed. Appx. 297, 301 (4th Cir. 2001) (Courts "look with disfavor upon races to the courthouse and forum shopping. Such procedural fencing is a factor that counsels against exercising jurisdiction over a declaratory judgment action."). Accordingly, Renetto's choice of this Court does not control the analysis.

All of the other factors relevant to venue support PSM's argument that this action should be transferred. Obviously, the Illinois District Court will be highly convenient for PSM. PSM is an Illinois corporation with its principal place of business within the Northern District of Illinois. Individuals at PSM whom may have to testify work and reside in the Northern District of Illinois. The documents and other information relevant to this dispute are likely located at PSM's offices in the Northern District of Illinois. Comparatively, this Court is not as convenient. Only Swimways is located in the Eastern District of Virginia, and Swimways is not even a party in this case. Further, Renetto's offices are not located in this district and none of the members of Renetto reside or work in Virginia.

Lastly and most significantly, the interests of justice would clearly be advanced by a transfer to the Illinois District Court. *See* Samsung, 386 F. Supp. 2d at 721 ("When related actions are pending in the transferee forum, the interest of justice is generally thought to weigh heavily in favor of transfer.") (internal quotation omitted). This case significantly overlaps with PSM's pending action in the Illinois District Court. Both cases raise issues regarding breaches of the sales agreement, breaches of fiduciary duties, and improper inaction with or by Swimways. Both cases arise out of the same transactions and occurrences. Accordingly, consolidating the cases "would afford substantial economies for the parties and the judicial system." Affinity, 20 F. Supp. 2d at 954. It would simply be a waste for two federal courts to concurrently consider such similar causes of action. *See* Samsung, 386 F. Supp. 2d at 721 ("Transfer and consolidation will serve the interest of judicial economy in most cases where the related actions raise similar or identical issues of fact and law.").

Additionally, the Illinois District Court has already advanced the litigation there by conducting settlement conferences, allowing the complaint to be amended, and beginning the

discovery process. *See* Affinity, 20 F. Supp. 2d at 954 (transferring case to another federal district court that had already advanced an identical case). It only makes sense for the Illinois District Court to take over this case, rather than this Court wasting its valuable resources duplicating the Illinois District Court's efforts. Id. Moreover, transfer would foreclose the possibility that this Court and the Illinois District Court would reach inconsistent results. *See* Samsung, 386 F. Supp. 2d at 722 ("All other factors being equal, the interests of justice dictate a transfer of venue in order to prevent the possibility of inconsistent adjudications in separate courts.") (internal quotation omitted). Thus, this Court should transfer this case to the Illinois District Court.

## IV. CONCLUSION

Because PSM had no contact with Virginia, except a single alleged phone call with Swimways, this Court cannot constitutionally assert personal jurisdiction over PSM. Thus, PSM's Motion to Dismiss for Lack of Personal Jurisdiction must be granted. Alternatively, this Court should transfer this case to the Illinois District Court so that the entire dispute can be resolved where PSM first filed its lawsuit by the Illinois District Court which is already familiar with the issues involved.

Respectfully submitted,

POLSINELLI SHALTON FLANIGAN
SUELTHAUS PC

/s/ William D. Blakely
William D. Blakely
VA Bar No. 24415
555 12th Street, NW, Suite 710
Washington, DC  20004
Telephone:  (202) 626-8310
Fax:  (202) 783-3535
wblakely@polsinelli.com

*Attorney for the Defendant*
*Professional Sales and Marketing Group, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by (____) U.S. Mail, postage prepaid; (____) fax; (____) Federal Express; (**X**) **Electronic Notification**; and/or (____) hand delivery this 12th day of October, 2007, to:

Anthony Francis Vittoria
VA Bar No. 41132
Ober Kaler Grimes & Shriver
120 E Baltimore Street, 8th Floor
Baltimore, MD  21202-1643
Telephone:  (410) 685-1120
Fax: (410) 547-0699
afvittoria@ober.com
*Attorney for the Plaintiff
Renetto, LLC*

/s/ William D. Blakely
William D. Blakely
VA Bar No. 24415
Polsinelli Shalton Flanigan Suelthaus PC
555 12th Street, NW, Suite 710
Washington, DC  20004
Telephone:  (202) 626-8310
Fax:  (202) 783-3535
wblakely@polsinelli.com

*Attorney for the Defendant
Professional Sales and
Marketing Group, Inc.*