UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| **RENETTO, LLC,** | * | |
| **Plaintiff**, | * | |
| v. | * | Civil Action No. 1:07CV789A |
| **PROFESSIONAL SALES AND MARKETING GROUP, INC.,** | * | |
| | * | |
| **Defendant.** | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS OR TO CHANGE VENUE**

Renetto, LLC ("Renetto"), by and through undersigned counsel, hereby files this Opposition to the Motion To Dismiss For Lack Of Personal Jurisdiction Or To Change Venue by Defendant, Professional Sales and Marketing Group, Inc. ("PSM").

## I.   INTRODUCTION

In its Motion to Dismiss, PSM implies that Renetto has attempted some sort of an end-run by filing the present action in the Eastern District of Virginia. What PSM fails to mention in its motion, however, is that, not only did PSM commit at least one tortious act in Virginia, but it also conducts extensive business in the Commonwealth – business that is at the heart of this lawsuit. PSM also fails to mention that the lawsuit in Illinois had been dismissed – with no assurance that the case would be revived – when Renetto filed this action. Finally, in asserting that it would be more convenient to the parties and the witnesses for this action to be transferred to Illinois, PSM fails to mention that the majority of non-party witnesses reside in the Eastern District. As a result, a transfer of this action would benefit only one party – PSM – at the

expense of both Renetto and the non-party witnesses. Accordingly, a true analysis of the issues raised by PSM's motion reveals that, not only does this Court have personal jurisdiction over PSM, but that the Eastern District is the proper venue for this action.

## II.     ARGUMENT

**A.     PSM's Motion To Dismiss Should Be Denied Because Jurisdiction is Proper.**

### 1.     Standard of review

In ruling on a Motion to Dismiss for lack of personal jurisdiction over a non-resident defendant, federal courts employ a two-stage analysis. First, the Court must determine whether the defendant falls under the reach of the applicable long-arm statute. *Anita's New Mexico Style Mexican Food, Inc. v. Anita's Mexican Foods Corp., et al.*, 201 F.3d 314 (4th Cir. 2000). Second, the Court must determine whether the exercise of jurisdiction is consistent with the boundaries of due process. *Id.* When a court addresses the issue of personal jurisdiction solely on the basis of motions, as in the case *sub judice*, "the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge". *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). As this Court has noted,

> this is a minimal burden, requiring only a finding that the facts as alleged by the plaintiff, if unrebutted, would be sufficient to establish jurisdiction. The court must construe all relevant allegations in the light most favorable to the plaintiff and draw all reasonable inferences in favor of jurisdiction.

*Colt Defense, LLC v. Heckler & Koch Defense, Inc., et al.*, 2004 U.S. Dist. LEXIS 28690, 29 (E.D. Va. 2004).

**2.    Jurisdiction over PSM is proper under the long-arm statute because PSM conducts business in Virginia and committed a tort in the Commonwealth.**

Virginia's long-arm statute provides, in relevant part, that courts may exercise personal jurisdiction over a party if the cause of action arises from that party (1) transacting any business in this Commonwealth; (2) contracting to supply services or things in this Commonwealth; (3) causing tortious injury by an act or omission in this Commonwealth; or (4) causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the Commonwealth. Va. Code Ann. § 8.01-328.1 (A).

Renetto has properly pleaded facts that give rise to personal jurisdiction under all four of the bases listed above. Specifically, jurisdiction is supported by PSM's ongoing sales of canopy chairs by multiple distributors in multiple locations throughout Virginia (*See* Renneto's Complaint, at Counts I, II & IV), and through PSM's commission of a tortious act against Renetto in the Commonwealth of Virginia. (*Id.*, at Counts III & IV.)

**a.    PSM has transacted business in the Commonwealth.**

In order to satisfy the requirements of the long-arm statute, Renetto's causes of action must arise from PSM's actions. Va. Code Ann. § 8.01-328.1. Courts interpret the "arise from" language under its plain meaning as "caused by" (i.e., a causal connection between the alleged facts and the causes of action). *Chedid v. Boardwalk Regency Corp.*, 756 F. Supp. 941, 943 (E.D. Va. 1991). Sales of product within a state, particularly ongoing and continuous sales of products, is sufficient to establish jurisdiction under the "transacting business" provision of Virginia's long-arm statute. *Anita's New Mexico Style Mexican Food, Inc. v. Anita's Mexican Foods Corp., et al.*, 201 F.3d 314, 317 (4th Cir. 2000).

3

Renetto has alleged in its Complaint that PSM has transacted business numerous times in Virginia. (*See* Complaint, at ¶¶4, 27, and 30.) The underlying facts show that PSM continues to have an ongoing relationship with Virginia distributors, and continues to make sales of chairs through various retail outlets in Virginia. (*See* Affidavit of Steven Tinto, a copy of which is attached hereto as Exhibit 1, at ¶¶ 6, 7.) Specifically, PSM has transacted and continues to transact business by contracting with national and regional retail chains, such as Target, Sears, Kmart and Garden Ridge, who supply the canopy chairs to the Commonwealth through their local Virginia retail stores.[1] (*Id.*) Counts I, IV and a portion of Count II arise directly from, among other things, PSM's contact of potential national/regional distributors and ongoing sales of the chair in Virginia through those national sales distributors and also through local retail outlets. (*Id.*)

b.   **PSM has caused tortious injury in the Commonwealth**

Counts III and IV of the Complaint allege tortious conduct by PSM that satisfies both the third and fourth bases for jurisdiction under the Virginia long-arm statute. While Renetto and Swimways Corporation (a Virginia corporation) were negotiating an agreement for the distribution of the canopy chair in Virginia, PSM contacted Swimways and disparaged Renetto's canopy chair, disclosed Renetto's confidential information and attempted to sour the negotiations between Swimways and Renetto. (*See* Compl. ¶¶ 40-44.) These facts alone would be sufficient to subject PSM to Virginia jurisdiction on tort grounds.

In addition, PSM also misappropriated Renetto's proprietary designs for the canopy chair by manufacturing and selling duplicate chairs in Virginia and elsewhere. (*See* Complaint ¶¶ 47-50.) "Section 4 of Virginia's long-arm statute affords a court personal jurisdiction over a

---

[1] Notably, BJ's Wholesale Club maintains an outlet on S. Van Dorn Street in Alexandria, less than five miles from the Federal Courthouse.

4

defendant in cases where an out-of-state defendant ships goods which infringe a patent to a distributor for sale in Virginia." *LG Electronics, Inc. v. Asustek Computers, et al.*, 126 F. Supp. 2d 414, 422 (E.D. Va. 2000). Even though the patent application on Renetto's canopy chair has not yet issued (Tinto Aff., at ¶ 3), the analysis applied in *LG Electronics* is relevant because the misappropriated product designs in this case are likewise Renetto's intellectual property.

PSM mistakenly assumes that Renetto's sole premise for Virginia jurisdiction is the phone call that PSM made to Swimways. PSM cites cases for the point that isolated phone calls are insufficient to be "transacting business" under the long-arm statute or to establish the minimum contacts required for Constitutional due process. (*See* Def.'s Mem. Supp. Mot. 10.) However, in this case the phone call itself was the tortious act that gave rise to Count III of the Complaint and therefore the quantum or number of calls made by PSM is irrelevant. If a single phone call caused tortious injury, it meets the requirements of the long-arm statute. Va. Code Ann. § 8.01-328.1.

  **3. The exercise of jurisdiction over PSM meets the Constitutional requirements of due process.**

In analyzing due process requirements, courts generally look to three factors: (1) whether the defendant purposefully directs its activities at residents of the forum, (2) whether the claim(s) arise from those activities, and (3) whether jurisdiction is constitutionally reasonable and fair. *LG Electronics*, 126 F. Supp. 2d at 419. If a defendant delivers its products into the stream of commerce, knowing or at least expecting that those products would be purchased by consumers in Virginia, it has minimum contacts sufficient to satisfy the first prong of the due process inquiry because "the defendant has manifestly availed itself of the privilege of conducting business within that jurisdiction." *LG Electronics, Inc.*, 126 F. Supp. 2d at 420; *see also Stokes*

*v. L. Geismar, S.A.*, 815 F. Supp. 904, 906 (E.D. Va. 1993) ("due process is satisfied so long as foreign manufacturer knew and intended that its product would be sold in Virginia").

Here, PSM has purposefully directed its activities at residents of the forum by causing its products to be sold by national and regional retailers that have store locations in Virginia. (*See* Compl. at ¶¶ 27, 30, 47-49; *see also* Tinto Aff., at ¶¶ 6, 7.) In addition to PSM's tortious actions in the Commonwealth, PSM's continued sales of canopy chairs in Virginia has given rise to several of the causes of action pleaded in the Complaint. Because PSM sells chairs in Virginia and profits from the residents of Virginia, it is fair and reasonable to subject PSM to jurisdiction in the Commonwealth.

**B.     PSM's Motion To Transfer Venue Should Be Denied.**

Where jurisdiction is proper, Congress has given the courts discretion to transfer venue under 28 U.S.C. 1404(a) only when the balance of convenience and the interests of justice so favors. The burden, however, is on the moving party to show that trial will more conveniently proceed and the ends of justice will be better served by the transfer. *The Original Creatine Patent Company, Ltd. v. Met-RX USA, Inc.*, 387 F. Supp. 2d 564, 566 (E.D. Va. 2005). The burden of showing such necessity is a heavy one. *Debbis v. Hertz Corp.* 269 F. Supp. 671 (D. Md. 1967). The party seeking a transfer must make out a clear case for doing so, or must show by a preponderance of the evidence that trial will more conveniently proceed and the ends of justice will be better served by a transfer. *Chicopee Mfg. Corp. v Kendall Co.* 154 F. Supp. 248 (D.S.C. 1957); *Wright v American Flyers Airline Corp.*, 263 F. Supp. 865 (D.S.C. 1967). The principle factors for the court to consider are the plaintiff's choice of forum, the convenience of the parties and the interests of justice. *Koh v. Microtek Int'l, Inc.,* 250 F. Supp. 2d 627, 633 (E.D.Va. 2003). The weight of these factors in this case, as outlined below, counsels that venue should remain in the Eastern District of Virginia.

6

**1.    Renetto's choice of forum is entitled to ample weight and should not be disturbed.**

A plaintiff's choice of forum is entitled to substantial weight in determining a motion to change venue. *Samsung Electronics v. Rambus, Inc.*, 386 F. Supp. 2d 708, 716 (E.D. Va. 2005). Although Renetto is itself a foreigner to the district, the connection between the forum and the causes of action indicates that Renetto's choice of venue should hold sway in the Court's decision. *Agilent Technologies v. Micromuse, Inc.* 316 F. Supp. 2d 322, 326 (E.D.Va. 2004) (weight of choice of forum proportional to connection of cause of action with forum). Renetto's Count I against PSM alleges breach of contract while Counts II and III allege breach of fiduciary duty and tortious interference with prospective advantage. Each of these claims is substantially connected to this jurisdiction such that Renetto's choice of venue should be afforded ample weight.

With respect to the breach of contract claim contained in Count I, Renetto and PSM entered into an agreement whereby PSM would market and distribute Renetto's product to retailers throughout the country. More than simply selling the chair, as retailers do, PSM sought to develop relationships with wholesale buyers for the chair across the country, including retailers operating in Virginia. PSM marketed and sold the Canopy Chair to BJ's Wholesale Club, Garden Ridge, Kmart and Sears, all of which operate stores in the Eastern District of Virginia. The impact of PSM's distribution relationships is felt in this jurisdiction such that adjudication of PSM's breach of the distribution agreement is rightly heard by this Court.

With respect to the tort claims in Counts II and III, in early 2007 Renetto was actively seeking a new distribution relationship with Swimways in Virginia due to PSM's failure to abide by the prior distribution agreement. (*See* Complaint, at ¶ 24.) Upon becoming aware of this, PSM's Todd Shraiberg purposefully contacted Swimways in Virginia and disclosed confidential

7

information in violation of the distribution agreement and his fiduciary duty. Mr. Shraiberg's act was a tortious attempt to interfere with the prospective advantage to Renetto of a relationship with Swimways. (*See* Complaint, at ¶ 26.) Mr. Shraiberg's knowing and intentional dialing of a Virginia phone number for the purpose of committing a tortious act is a sufficient basis for jurisdiction and is inexorably linked to Virginia.

> **2.   Virginia is a more convenient forum for the parties and witnesses.**
>
> **a.   PSM has failed to sustain its burden of showing that the Illinois venue would be more convenient.**

The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and other potential testimony to enable the Court to assess the materiality of evidence and the degree of inconvenience. *Koh v. Microtek Int'l, Inc.,* 250 F. Supp. 2d 627, 633 (E.D.Va. 2003). PSM has failed to make any particularized statement as to the testimony or witnesses that will be unavailable to it or otherwise inconvenienced if this matter is not transferred.

In its memorandum in support of its Motion, PSM states that "this Court is not as convenient" as those of the Northern District of Illinois. (Def.'s Mem. Supp. Mot. 13.) PSM further asserts that "documents and other information relevant to this dispute are likely located at PSM's offices in the Northern District of Illinois," and that "individuals at PSM" will be inconvenienced if required to travel outside Illinois to testify." (*Id.*) These generalized statements are unsupported by any specifics regarding particular witnesses or evidence it intends to offer at trial that will be unavailable or inconvenienced if this matter proceeds in Virginia. Similarly, no affidavit to that effect is offered in support of this bare allegation. These self-serving and unsupported assertions are simply insufficient to meet PSM's burden of showing that

it will be truly affected if this the suit permitted to proceed in situ as they do not provide the Court sufficient information to evaluate the alleged inconvenience.

### b. The facts show that the Eastern District is a more convenient venue.

On the other hand, Renetto and its proposed witnesses would be significantly inconvenienced if Renetto is required to litigate this matter in PSM's home district of Northern Illinois. Renetto has identified two non-party witnesses – one in Virginia Beach and one in Columbia, Maryland, which is only 35 miles from the Albert V. Bryan Courthouse in Alexandria. One of these non-party witnesses, Anthony Vittone, is the General Counsel of Swimways, Inc. Importantly, Swimways and Mr. Vittone are material witnesses in this matter because Swimways is the purchaser of Renetto's intellectual property rights to the canopy chair and Mr. Vittone was the recipient of at least one unsolicited, false and tortious communication from PSM's Todd Shraiberg. Renetto would like to call those witnesses at trial to testify regarding the acts of Mr. Shraiberg, the impact of those acts on the still formative relationship between Swimways and Renetto, and the market and price erosion caused by PSM's unauthorized sales. However, because those witnesses are residents of Virginia, they are not subject to a trial subpoena in Illinois. Further, to the extent that Renetto could obtain the voluntary appearance of those witnesses, they would be greatly inconvenienced if required to travel to Illinois.

Finally, Renetto's "documents and other information" relevant to this dispute are largely located at its offices in Columbia, Maryland. Among the documents necessary at trial to prove Renetto's claims are correspondence, records of design and engineering work, sales and marketing figures, and records of negotiation with PSM and with Swimways. Specifically these documents will be used to show PSM's breach of the distribution agreement by failing to fully

9

account for sales of the canopy chair (through sales figures), failure to pay royalties (through accounting and payment records), unauthorized sale of inferior product (through records of complaints and examples of offending merchandise) and damages (as evidenced by the negotiation with Swimways).

      **3.    Because the first-to-file rule does not apply in this case, the interests of justice favor proceeding in this Court.**

Taken literally, the "first-to-file rule" would counsel that the Virginia litigation and not the Illinois action is entitled to the benefit of priority status as it was filed on August 9, 2007, nearly two months before the October 2, 2007 complaint by PSM. The first-to-file rule, however, despite its name, is not a hard and fast rule but is, rather, a principle of judicial administration that is subject to the balance of convenience between the parties, the plaintiff's choice of venue, and the interests of justice. *Affinity Memory & Micro, Inc. v. K&Q Enterprises, Inc.*, 20 F. Supp. 2d 948, 954 (E.D.Va. 1998). Exceptions to the rule are common, "when justice or expediency requires." *Genentech, Inc. v. Eli Lilly and Co.,* 998 F. 2d 931, 937 (Fed.Cir. 1993). This is particularly true where little has been done to advance either case or when there has been a race to the courthouse. *Affinity Memory & Micro, Inc.,* 20 F. Supp. at 954 citing *Brierwood Shoe Corp. v. Sears, Roebuck and Co.,* 479 F. Supp. 563, 567 (S.D.N.Y 1979), *see also Samsung Electronics*, 386 F. Supp. 2d at 724. Neither the instant matter nor PSM's Illinois suit have advanced appreciably toward trial. Specifically, as of this date, there is no Scheduling Order in Illinois and no substantive pleading or practice has taken place. The court there is no more familiar with the proceeding and in no better position to hear the case than any other.

Further, and notwithstanding assertions to the contrary, PSM's Illinois action was not pending at the time the current litigation was filed in the Eastern District of Virginia. PSM's Illinois action (which names both Renetto and Swimways as defendants) was dismissed by the

Court on July 17, 2007. Although PSM, Swimways and Renetto did enter into some settlement discussions, PSM did not signal its intent to amend its complaint until almost a month later (on August 16) and did not file its amended complaint until October 2, 2007. In the interim, not knowing if or when PSM might re-file its complaint, and with affirmative claims and damages of its own, Renetto exercised its right to initiate its own litigation on August 9, 2007. The fact that PSM later re-filed its complaint in Illinois rather than in Virginia does not, as PSM asserts, provide its Illinois action with any preferential status under the first-to-file rule. As result, the interests of justice militate in favor of having Renetto's claim proceed in this Court since a plaintiff's choice of venue has traditionally been respected and protected by the courts.

### III.    CONCLUSION

For the foregoing reasons, Renetto respectfully requests that this Court enter an Order denying PSM's Motion To Dismiss For Lack Of Personal Jurisdiction Or To Change Venue.

Respectfully submitted,

/s/
Anthony F. Vittoria (VSB #41132)
Royal W. Craig
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 E. Baltimore Street
Baltimore, Maryland 21202
(410) 685-1120
(410) 547-0699 (facsimile)

*Attorneys for Plaintiff Renetto, LLC*