UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RENETTO, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PROFESSIONAL SALES AND ) <br> MARKETING GROUP, INC., ) <br> ) <br> Defendant. ) | Case No.: 1:07-cv-00789-GBL-TCB |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR TO CHANGE VENUE

Defendant Professional Sales and Marketing Group, Inc. ("PSM"), by counsel, in support of its Motion to Dismiss Complaint for Lack of Personal Jurisdiction or to Change Venue, states as follows:

I. **INTRODUCTION**

Plaintiff Renetto LLC ("Renetto") attempts to oppose PSM's motion for change of venue by erroneously arguing that the first-filed rule does not apply and by misstating what has occurred in the previously filed and currently pending lawsuit in the U.S. District Court for the Northern District of Illinois (the "Illinois District Court). The docket from the Illinois District Court, however, speaks for itself. By the time Renetto initated this action on August 9, 2007, Renetto had removed the Illinois litigation to federal court and the Illinois District Court had advanced that litigation by ordering PSM to file an appropriate federal complaint or a motion to remand, and by ordering the parties to attempt to settle the matter. The Illinois District Court also had ordered the parties to file a joint status report by August 20, 2007. Since the Illinois District Court conducted a settlement conference with the real parties present, the defendants

have answered the complaint and the parties are at issue, the parties have exchanged Rule 26(a) disclosures, the parties have produced a joint discovery plan, and discovery has been ordered closed by April 30, 2008. Accordingly, the first-filed rule does dictate that the Illinois District Court is the proper venue for this matter.

Indeed, the interests of justice require that this Court not waste its resources by entertaining Renetto's claims, which are based upon the same agreements and transactions alleged in the pending Illinois litigation and which Renetto should have asserted as counterclaims in the Illinois District Court. There is simply no reason to engage in costly, duplicative litigation of the same issues in two different federal courts.

Further, Renetto argues that because Canopy Chairs have been sold in Virginia, PSM is subject to the jurisdiction of this Court. But this argument is legally incorrect. Renetto does not proffer any evidence that PSM purposefully directed its activities to Virginia and accordingly, PSM does not have sufficient contacts with Virginia to allow this Court to constitutionally exert personal jurisdiction over PSM. The bare allegation that PSM had put the chair into the stream of commerce from China is insufficient under these facts to assert jurisdiction over the corporation. Thus, PSM's motion to dismiss for lack of personal jurisdiction must be granted.

## II. CONTRARY TO RENETTO'S ARGUMENTS, THE FIRST-FILED RULE APPLIES AND DICTATES THAT THE MOTION TO CHANGE VENUE SHOULD BE GRANTED.

Renetto does not dispute that its action in this Court arises out of the same transactions and occurrences as the pending action in Illinois District Court. Renetto does not dispute, because it cannot, that the action in Illinois District Court continues to proceed forward. Indeed, on October 22, 2007, Renetto filed its answer to PSM's amended complaint in the Illinois District Court. (*See* Illinois District Court Docket Report, Case No. 1:07-cv-03951, attached as Exhibit A at # 30). It is significant that Renetto completely fails to respond to PSM's argument

that the interests of justice will be advanced by consolidating these two actions that overlap. *See* Samsung Elec. Co., Ltd., v. Rambus Inc., 386 F. Supp. 2d 708, 721 (E.D. Va. 2005) ("When related actions are pending in the transferee forum, the interest of justice is generally thought to weigh heavily in favor of transfer."). Renetto does not offer any explanation as to why this Court should waste its resources duplicating the efforts already undertaken by the Illinois District Court and risk reaching results inconsistent with the decisions in the Illinois District Court. *See* id. ("Transfer and consolidation will serve the interest of judicial economy in most cases where the related actions raise similar or identical issues of fact and law."); Affinity Memory & Micro, Inc. v. K&Q Enter., Inc., 20 F. Supp. 2d 948, 954 (E.D. Va. 1998) (consolidating similar cases "would afford substantial economies for the parties and the judicial system"); *see also* Ellicott Machine Corp. v. Modern Welding Co., Inc., 502 F.2d 178, 180 (4th Cir. 1974) ("It has long been held in this circuit that, as a principle of sound judicial administration, the first suit should have priority, 'absent the showing of balance of convenience in favor of the second action.'").

Rather than directly addressing those issues relating to the interests of justice, Renetto attempts to distort the first-to-file rule to fit its purposes. Renetto argues that the rule, "[t]aken literally," would give its complaint filed in this Court on August 9, 2007 priority over PSM's amended complaint filed in the Illinois District Court on October 2, 2007. Renetto cites no legal authority to support its argument. (*See* Renetto's Opp'n at 10.) That is because its argument is completely without merit.

The first-filed rule grants priority to the first court that **asserts jurisdiction** over a matter. That principle has been clearly outlined by this Court in Affinity Memory[1]: "Under the 'first-filed' rule, for purposes of choosing between possible venues when parallel litigation has been

---

[1]   In its Opposition, Renetto relies heavily upon Affinity Memory. (*See* Renetto's Opp'n at 10.)

instituted in separate courts, **the court in which jurisdiction first attaches should be the one to decide the case.**" Affinity Memory, 20 F. Supp. 2d at 954 (emphasis added). Indeed, in Affinity Memory, this Court clarified that "when a state action is removed to federal court, for first-to-file purposes, the state court filing date is the date used." Id. at 954 n.10

Applying these principles to the matters at issue here, it is clear that PSM initiated its action first and that the Illinois District Court should decide the case. PSM filed its original complaint in Illinois state court on June 13, 2007, nearly two months before Renetto filed its complaint in this Court. (*See* Complaint for Injunctive and Other Relief, Case No. 07CH15657, attached as Exhibit A to PSM's Memo. in Support of its Mot.) After Renetto removed the action to the Illinois District Court, that court asserted jurisdiction over the case. Indeed, by the time Renetto initated this action on August 9, 2007, the Illinois District Court had already ordered PSM to file an appropriate federal complaint or a motion to remand, had ordered the parties to conduct settlement negotiations, had ordered the parties to fully exhaust settlement possibilities before filing any further pleadings, had granted Swimway's pro hac vice admission petition, and had ordered the parties to file a joint status report by August 20, 2007. (*See* Illinois District Court Docket Report, Case No. 1:07-cv-03951, at #9-11, attached hereto as Exhibit A; Minute Order, #9, N.D.Ill., July 17, 2007, attached as Exhibit B.) Renetto's suggestion that the Illinois lawsuit "was not pending" when it filed its complaint in this Court is simply untrue. (*See* Renetto's Opp'n at 10.) It cannot seriously be disputed that the Illinois District Court had jurisdiction over this case on August 9, 2007 and continues to assert jurisdiction over the case.

Contrary to Renetto's unsupported suggestion, it is irrelevant that, after Renetto filed its removal petition, PSM's original state court complaint in Illinois had been dismissed sua sponte without prejudice "to the filing of an appropriate amended federal complaint or a timely motion

4

to remand" before Renetto filed its complaint in this Court. The first-filed rule considers what court first asserted jurisdiction over the matter, *see* Affinity Memory, 20 F. Supp. 2d at 954, and it is indisputable that the Illinois District Court exerted its jurisdiction over the matter first and that the Illinois District Court continued to exert jurisdiction through and during the very time that Renetto filed the instant action.

Renetto is again completely incorrect when it contends that the action in the Illinois District Court has not advanced the litigation and is "no more familiar with the proceeding and in no better position to hear the case than any other." (*See* Renetto's Opp'n at 10.) On August 20, 2007, PSM, Renetto and Swimways both submitted status reports to Illinois District Court, detailing the nature of the case, reporting on the status of settlement negotiations, and proposing a discovery schedule. (*See* Status Reports, attached hereto as Exhibits C and D.) On August 21, 2007, the Illinois District Court held a hearing on PSM's motion to file an amended complaint. (*See* Exhibit A at #20.) On September 25, 2007, the Illinois District Court conducted a settlement conference in its chambers, and set a schedule for the parties to exchange initial disclosures pursuant to Fed. R. Civ. 26(a)(1). (*See* Exhibit A at #23.) On October 9, 2007, PSM served its Rule 26 disclosure on Renetto and Swimways. (*See* PSM's Rule 26 Disclosure, attached hereto as Exhibit E.) On October 15, 2007, Swimways filed a motion to dismiss PSM's amended complaint. (*See* Exhibit A at #26.) On October 16, 2007, Renetto and Swimways filed answers to PSM's amended complaint (*see* id. at #23, 29, 30), and served their Rule 26 disclosures on PSM (see Renetto's and Swimways' Rule 26 Disclosure, attached hereto as Exhibits F and G). On October 30, 2007, the Illinois District Court held a status conference, set a briefing schedule for Swimways' motion to dismiss, and referred the case to a magistrate for a new settlement conference. The Court also ordered that all discovery be completed by April 30,

2008. (See Exhibit A at # 31, 32.) In light of this extensive activity, it is absurd, indeed, disingenuous, for Renetto to suggest that the Illinois lawsuit has not advanced toward trial or that the Illinois District Court is unfamiliar with the case.

Renetto further argues that the first-file rule should not be applied "when there has been a race to the courthouse." (*See* Renetto's Opp'n at 10 (citing Affinity Memory, 20 F. Supp. 2d at 954).) Renetto should be estopped from making this argument, because if any party raced to the courthouse in this dispute, it was Renetto. On August 9, 2007, when Renetto filed this action in this Court, Renetto had removed the June 13, 2007 state court petition to the Illinois District Court, had been ordered to engage in settlement negotiations with PSM, and had been ordered to file a joint status report by August 20, 2007. (*See* Illinois District Court Docket Report, Ex. A at #20; Ex. B. The Illinois District Court had ordered that the parties "fully exhaust all settlement possibilities . . . prior to filing any further pleadings." (Id. emphasis added.) When it perceived that the court-ordered settlement negotiations had broken down, Renetto rushed to this Court and initiated this lawsuit. In so doing, Renetto apparently sought to take advantage of the Illinois District Court's conditional dismissal, completely ignoring the Illinois District Court's requirement that further pleadings be filed after settlement negotiations had occurred. *See* Learning Network, Inc. v. Discovery Comms., Inc., 11 Fed. Appx. 297, 301 (4th Cir. 2001) (Courts "look with disfavor upon races to the courthouse and forum shopping. Such procedural fencing is a factor that counsels against exercising jurisdiction over a declaratory judgment action."). Indeed, Renetto would have likely provoked the Illinois District Court's ire had it filed its pleading with that court on August 9, 2007 without any explanation.

Renetto's reference to the Illinois case as "not pending" and the "action" as "dismissed" (see Renetto's Opp'n at 10-11) is simply not correct. As stated above, the Illinois case was not

only "pending" on August 9, 2007, but Renetto and RSM were both required by court order to submit a joint status report on August 20, 2007. The "action" was still pending; only the original state court complaint was stricken to make way for an amended complaint complying with federal procedural law; the alleged "dismissal" was nothing more than a conditional dismissal. (*See* Exhibit A at #9; Ex. B.) Moreover, the July 17, 2007 order contemplated the possibility that PSM might contest the removal petition, as it had the right to do. (Id.) Thus, the July 17, 2007 order was neither a dismissal on the merits nor a case termination order. To suggest otherwise is simply specious.

If the July 17, 2007 order was a dismissal on the merits, PSM would have had to file a Rule 60(b) motion or a motion to reconsider; it did neither. (*See* Exhibit A.) Instead on August 16, 2007, PSM filed a motion reporting the settlement negotiation impasse and sought leave to file an amended complaint, meeting the terms of the July 17, 2007 conditional dismissal. Leave was granted and, pending the Illinois District Court's additional *sua sponte* efforts to settle the case through a settlement conference mediated by the judge, PSM filed its amended complaint. (*See* Exhibit A at #25.) An amended complaint is possible only in an active case where the court has continuing jurisdiction. Fed.R.Civ. p. 15(a). Accordingly, it is wrong to treat the Illinois District Court case as a terminated case as of August 9, 2007. Additionally, Renetto fails to acknowledge, as it and its counsel know full well, that PSM intended to continue to pursue its claim in the Illinois District Court if a settlement was not reached. These circumstances serve to highlight the "forum shopping" intentions of Renetto.

Renetto also contends that its choice of this forum is entitled to great weight because there is a connection between its cause of action and this district. (*See* Renetto's Opp'n at 7.) But a plaintiff's choice of venue is accorded little weight when the plaintiff chooses a foreign

7

forum and the cause of action bears little or no relation to that forum. Samsung, 386 F. Supp. 2d at 716. Such is the case here. None of Renetto's members is a Virginia citizen and Renetto's cause of action bears little or no relation to Virginia. None of PSM's contracting discussions or negotiations occurred in Virginia. Rather, the negotiations regarding the sales agreement and joint venture occurred between Todd Shraiberg, Howard Shraiberg, and Paul Robinette of Renetto, while they were in Northbrook, Illinois. (*See* PSM's Memo. in Support of its Mot., Ex. E, Shraiberg Aff. at ¶ 5.) Indeed, Renetto and PSM signed the email memorializing the sales agreement in Illinois. (*See* id. at ¶ 7.) Renetto also cannot accurately allege that PSM initiated the contact with Virginia because representatives of Renetto and PSM first discussed the possibility of working together at a trade show in Hong Kong in the fall of 2005. (*See* PSM's Memo. in Support of its Mot., Illinois Compl., Ex. A at ¶ 9.) Nor can Renetto allege that PSM's obligations under the sales agreement and joint venture where to be performed. Rather, PSM developed and marketed the Canopy Chair from its offices in Illinois and PSM manufactured the chairs at its production facilities overseas. (*See* PSM's Memo. in Support of its Mot., Ex. E, Shraiberg Aff. at ¶ 9-10.)

Lastly, Renetto contends that this Court is a more convenient forum for obtaining trial testimony, arguing that its non-party witnesses, both of whom are representatives of Swimways, would not be subject to a subpoena from the Illinois District Court. (*See* Renetto's Opp'n at 9.) This argument again misses the mark. Swimways is a named party in the action pending in the Illinois District Court and thus is subject to the Illinois District Court's jurisdiction. The Illinois District Court could, if necessary, compel the parties before it to participate in any proceeding. In addition, PSM has identified several witnesses, approximately six, who neither reside in nor

do business in this district. See Ex. E. Renetto has failed to show that the "balance of convenience" weighs so heavily in its favor that the first-file rule should be disregarded.

## III. CONTRARY TO RENETTO'S ARGUMENTS, THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER PSM.

In its Opposition, Renetto claims that PSM is subject to this Court's jurisdiction because four different provisions of the Virginia long-arm statute are applicable. (*See* Renetto's Opp'n at 3.) In particular, Renetto argues that PSM caused a tortious injury in the Commonwealth of Virginia by disparaging Renetto in a phone call with Swimways in Virginia.[2] (*See* id. at 4-5.) But Renetto did not allege this as a basis of jurisdiction in its Complaint. There Renetto alleged only that "this Court has personal jurisdiction over PSM as PSM conducts business in the Commonwealth of Virginia and derives substantial derives [sic] financial benefit from its business dealings within the state." (*See* Renetto's Compl. at ¶ 4.) Renetto now cannot claim that jurisdiction is proper based upon provisions of the long-arm statute that are not alleged in its Complaint. *See* New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 n.6 (4th Cir. 2005) ("[P]laintiffs who assert jurisdiction under only one provision of the long-arm statute cannot obtain jurisdiction under an unclaimed provision.") Accordingly, in ruling on the Motion to Dismiss, this Court should only consider the long-arm provision alleged by Renetto, i.e. whether the cause of action arises out of PSM conducting business within Virginia.

In support of the jurisdictional basis it did allege, Renetto claims that PSM has relationships with "Virginia distributors," and that it sells "chairs through various retail outlets in Virginia." (*See* Renetto's Opp'n at 4.) Renetto then argues that PSM "purposefully directed its

---

[2] Mr. Howard Shraiberg denies that he disparaged Renetto at any time. Mr. Shraiberg further asserts that he placed this alleged phone call to Swimways at the suggestion of Paul Robinette of Renetto, who encouraged Mr. Shraiberg to explore whether Swimways would grant PSM some limited right to continue selling the Canopy Chair. (*See* Declaration of Howard Shraiberg, attached hereto as Ex. H.)

9

activities at residents of the forum by causing its products to be sold by national and regional retailers that have store locations in Virginia." (*See* id. at 6.) Renetto seems to be arguing that because the Canopy Chair eventually ended up in Virginia, PSM is subject to jurisdiction here. This very argument has been rejected previously. *See* Chisholm v. UHP Projects, Inc., 1 F. Supp. 2d 581, 586 (E.D. Va. 1998). Renetto's assertions are legally insufficient to establish jurisdiction over PSM.

In Asahi Metal Indus. Co, Ltd. v. Superior Court of California, 480 U.S. 102 (1987), the Supreme Court rejected the idea that a defendant is subject to personal jurisdiction simply by placing a product into the stream of commerce. That court held:

> The substantial connection between the defendant and the forum state necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum state*. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state. Id. at 112 (emphasis in original) (internal citations omitted).

In Asahi, Asahi, a Japanese manufacturer, manufactured valve stems and sold them to a Taiwanese company that used the valve stems to manufacture tire tubes, which were sold by the Taiwanese company throughout the world. After a defective tire tube allegedly caused an accident in California, the Taiwanese company sought to bring Asahi into California state court on a cross-claim. Asahi argued that the California court had no personal jurisdiction. Id. at 105-08.

The Supreme Court agreed that the California court had no personal jurisdiction over Asahi. The Court noted that there was no evidence of any conduct on the part of Asahi that indicated "an intent or purpose to serve the market in the forum state." Id. at 112. The Court also concluded that even if Asahi knew that some of its valves would be incorporated into products sold in California, there would still be no evidence that Asahi purposefully directed

itself into the California market. Id. at 112; *see also* Chisholm v. UHP Projects, Inc., 1 F. Supp. 2d 581, 586 (E.D. Va. 1998) (reaching same result, relying upon Asahi decision). The Court particularly noted that Asahi "did not create, control, or employ the distribution system that brought its valves to California." Asahi, 490 U.S. at 112-13.

Similarly, in this case, there is no evidence that PSM purposefully directed the Canopy Chair into the Virginia market. PSM conducts no business relating to the Canopy Chair in Virginia. (*See* Affidavit of Todd Shraiberg, attached as Ex. E to PSM's Memo. in Support of its Motion at ¶ 3.) PSM does not have an office, or any agents or employees in Virginia. (*See* id. at ¶¶ 4, 12.) PSM does not sell the Canopy Chair in Virginia. (*See* id. at ¶ 13.) PSM does not advertise or otherwise solicit business for the Canopy Chair in Virginia. (*See* id. at ¶ 14.)

Renetto attempts to make much of the suggestion that the Canopy Chairs are sold by alleged distributors in Virginia. (The contention is not established, as Declarant Tinto's statements both lack foundation and are hearsay, rendering them incompetent.) But as was the case in Asahi, PSM did not control the system of distribution or where its corporate retailers decided to sell the Canopy Chairs. (*See* Declaration of Todd Shraiberg, attached hereto as Ex. I.) The retailers purchased the Chairs, outside of Virginia. (*See* id.)[3] PSM earned its revenue at the time the Chairs were sold to these retailers, and therefore has never received money from Virginia consumers who may have purchased the Chairs later after the retailers put the Chair into distribution. Id. (Indeed, Renetto itself made its money on the Chairs long before they were distributed. Id.)[4]

---

[3]     Despite the allegations, it has never been proved that any of the named retailers ever sold in Virginia any of the Chairs acquired through PSM by those retailers. See Ex. I.

[4]     PSM stopped accepting purchase orders for subject Chairs after June 30, 2007. See Declaration, Ex. I.

Because PSM has not purposefully availed itself of the privilege of doing business in Virginia, this Court cannot exert personal jurisdiction over PSM and its motion to dismiss must be granted.

## IV. CONCLUSION

Renetto's Opposition grossly misstates what has occurred in the litigation in the Illinois District Court and attempts to misapply the first-filed doctrine. But Renetto's Opposition does not present any valid reason to deny PSM's Motion to Change Venue. Likewise, Renetto has not established that PSM purposefully availed itself of the privilege of doing business in Virginia. Accordingly, PSM's Motion to Dismiss for Lack of Personal Jurisdiction and its Motion to Change Venue must be granted.

Respectfully submitted,

POLSINELLI SHALTON FLANIGAN SUELTHAUS PC

By: /s/ WILLIAM D. BLAKELY
WILLIAM D. BLAKELY
VA Bar No. 24415
555 12th Street, N.W., Suite 710
Washington, D.C. 20004
Phone: (202) 783-3300
Fax: (202) 783-3535
wblakely@polsinelli.com

ATTORNEYS FOR PROFESSIONAL SALES & MARKETING GROUP, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by (___) U.S. Mail, postage prepaid; (___) fax; (___) Federal Express; (**X**) **Electronic Notification**; and/or (___) hand delivery this 31st day of October, 2007, to:

Anthony Francis Vittoria
VA Bar No. 41132
Ober Kaler Grimes & Shriver
120 E Baltimore Street, 8th Floor
Baltimore, MD 21202-1643
Telephone: (410) 685-1120
Fax: (410) 547-0699
afvittoria@ober.com

*Attorney for the Plaintiff*
*Renetto, LLC*

/s/ William D. Blakely
William D. Blakely
VA Bar No. 24415
Polsinelli Shalton Flanigan Suelthaus PC
555 12th Street, NW, Suite 710
Washington, DC 20004
Telephone: (202) 626-8310
Fax: (202) 783-3535
wblakely@polsinelli.com

*Attorney for the Defendant*
*Professional Sales and*
*Marketing Group, Inc.*