**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PROFESSIONAL SALES AND MARKETING GROUP, INC.,** | ) | |
| **Plaintiff,** | ) | **Case No.: 1:07-cv-03951** |
| **v.** | ) | |
| **RENETTO, LLC,** | ) | |
| **and** | ) | |
| **SWIMWAYS CORPORATION,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF PROFESSIONAL SALES AND MARKETING GROUP, INC.'S RULE 26 DISCLOSURE**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff Professional Sales and Marketing Group, Inc. ("PSM Group"), through its attorneys, Polsinelli Shalton Flanigan Suelthaus PC, makes the following initial disclosure:

## I. INTRODUCTORY STATEMENT

The following disclosure is based on information reasonably available to PSM Group as of the date of this pleading. By making this disclosure, PSM Group does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit or that it may use to support its claims, nor does it waive any right to object to production of any document or tangible thing on the basis of privilege, the work-product doctrine, relevancy, undue burden, or any other valid objection. Rather, PSM Group has made a good faith effort to identify information subject to the disclosure requirements of Rule 26. Further, PSM Group reserves the



right to supplement these disclosures. The disclosures set forth below are made subject to the above comments and qualifications.

## II. INITIAL DISCLOSURE

Subject to and without waiving the above introductory statement, PSM Group discloses the following:

**A. Individuals likely to have discoverable information that PSM Group may use to support its claims:**

1. Howard Shraiberg. Mr. Shraiberg is the chief executive officer of PSM Group and has information regarding PSM Group's sales agreement with Renetto, PSM Group's joint venture with Renetto, Renetto's breach of its sales agreement, Renetto's breach of its duties under the joint venture, the resulting damage to PSM Group, and all other facts related to the claims. As an officer of the Plaintiff, Mr. Shraiberg may be contacted through Plaintiff's counsel

2. Todd Shraiberg. Mr. Shraiberg is the president of PSM Group and has information regarding PSM Group's sales agreement with Renetto, PSM Group's joint venture with Renetto, Renetto's breach of its sales agreement, Renetto's breach of its duties under the joint venture, the resulting damage to PSM Group, and all other facts related to the claims. As an officer of the Plaintiff, Mr. Shraiberg may be contacted through Plaintiff's counsel.

3. Paul Robinett. Address, upon information and belief, is 116 W. Columbus Street, Canal Winchester, OH 43110. Other information regarding identity is unknown at this time. Mr. Robinett is a member of Defendant Renetto, LLC and, upon information and belief, has information regarding PSM Group's sales agreement with Renetto, PSM Group's joint venture with Renetto, Renetto's breach of its sales agreement, Renetto's breach of its duties under the joint venture, and Renetto's purported sale of its intellectual property and distribution rights to Defendant Swimways Corporation.

4. David Reeb. Address, upon information and belief, is 8558 Black Star Circle, Columbia, Maryland, 21045. Other information related to identity is unknown at this time. Mr. Reeb is a member of Defendant Renetto, LLC and, upon information and belief, has information regarding PSM Group's sales agreement with Renetto, PSM Group's joint venture with Renetto, Renetto's breach of its sales agreement, Renetto's breach of its duties under the joint venture, and Renetto's purported sale of its intellectual property and distribution rights to Swimways.

5. Steven Tinto. Address, upon information and belief, is 4212 Patrick Court, Higley, AZ. No other information regarding identity is known at this time. Mr. Tinto is a member of Defendant Renetto, LLC and, upon information and belief, has information regarding PSM Group's sales agreement with Renetto, PSM Group's joint venture with Renetto, Renetto's breach of its sales agreement, Renetto's breach of its duties under the joint venture, and Renetto's purported sale of its intellectual property and distribution rights to Swimways.

6. David Arias, at, upon information and belief, 5816 Ward Court, Virginia Beach, Virginia 23455. Mr. Arias is the president of Swimways and, upon information and belief, has information regarding Renetto's purported sale of its intellectual property and distribution rights to Swimways, and Swimway's inference with PSM Group's contractual and business expectancy.

7. Anthony Vittone, at, upon information and belief, 5816 Ward Court, Virginia Beach, Virginia 23455, (757) 460-1156. Mr. Vittone is the vice president and general counsel of Swimways and, upon information and belief, has information regarding Renetto's purported sale of its intellectual property and distribution rights to Swimways, and Swimway's inference with PSM Group's contractual and business expectancy.

8. Ryan See. Mr. See is General Manager with Four Seasons Global Limited and has information regarding the joint venture between Renetto and PSM Group. Mr. See, as an agent of Plaintiff, can be contacted in Hong Kong through Plaintiff's counsel.

9. Other current and former employees of Swimways. Upon information and belief, such persons may have information regarding Renetto's purported sale of its intellectual property and distribution rights to Swimways, and Swimway's inference with PSM Group's contractual and business expectancy.

10. Other current and former employees of Renetto. Upon information and belief, such persons may have information regarding PSM Group's sales agreement with Renetto, PSM Group's joint venture with Renetto, Renetto's breach of its sales agreement, Renetto's breach of its duties under the joint venture, and Renetto's purported sale of its intellectual property and distribution rights to Swimways.

11. All witnesses required for authentication of documents and things.

12. All persons identified by Defendants in their Initial Disclosures.

**B. A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of PSM Group that PSM Group may use to support their claims:**

1. Documents attached to PSM Group's Amended Complaint.

2. Correspondence and emails to and from Renetto and PSM Group relating to the formation and terms of their sales agreement.

3. Correspondence and emails to and from Renetto and PSM Group relating to the projected sales and sales of the Canopy Chairs and royalty payments made to Renetto.

4. Documents, emails, and spreadsheets related to PSM Group's projected sales and sales of the Canopy Chairs and royalty payments made to Renetto.

5. Documents and emails to and from Renetto and PSM Group relating to the formation and terms of the joint venture to develop other Related Chairs.

6. Documents and emails to and from Renetto and PSM Group relating to the development of Related Chairs.

7. Documents, emails, and spreadsheets related to PSM Group's projected sales and sales of the Related Chairs.

8. Documents and emails relating to the PSM Group's assistance in protecting Renetto's intellectual property rights in the Canopy Chair.

9. Documents relating to Renetto's purported sale of the distribution and intellectual property rights in the Canopy Chair to Swimways.

10. Emails, spreadsheets, and documents related to PSM Group's damages.

**C. A computation of any category of damages claimed by PSM Group:**

At this time, all of PSM Group's specific damages have not been determined, but PSM Group will supplement this disclosure after discovery. Generally, PSM Group's damages include the loss of sales of the Canopy Chair under the sales agreement with Renetto, loss of profits from the joint venture with Renetto, restitution for PSM Group's efforts to develop the Related Chairs, damages for PSM Group's loss of good will and competitive position in the market, punitive damages for Swimway's intentional and willful interference with PSM Group's contractual and business expectancy, and attorneys' fees and costs.

However, a preliminary computation, subject to change based upon the acquisition of more information and data, can be made of the cost of the loss of the Canopy Chair and Related

Chair business in 2007. It is estimated that 800,000 steel Canopy Chairs would be sold in a given calendar year. Based on prior sales, PSM would earn a profit of $1.00 per chair, on estimated average. Absent the breach and interference, it is reasonable to project continued sales of the product for seven (7) years. Accordingly, the loss of these sales would be a total of $5,600,000 (1.00 x 800,000 x 7 = 5,600,000). Similarly, sales of the aluminum chair were estimated at 200,000 units, with PSM's profit at $4.50 per unit. Thus, this additional loss would be $6,300,000 (4.50 x 200,000 x 7 = 6,300,000). The foregoing does not include the reasonable estimate of 6% sales growth per year and reasonable expectation of margin increase.

Further, the loss of profits from the loss of the right to sell the Related Chairs can also be estimated in a similar fashion. It is reasonably estimated that the Beach Chair and the Kid's Chair would each experience the sale of 100,000 units in the first year, 250,000 units in the second year, and 450,000 units in each year thereafter, with a reasonable projection of sales for seven years total. Per unit profit would also be $1.00 per unit, on estimated average. Accordingly, the cost of the loss of sales for the Related Chairs is $5,200,000 (2 x (1.00 x 100,000 + 1.00 x 250,000 + 1.00 x 450,000 x 5 (years three through seven)) = 5,200,000.00). After the third year, the foregoing does not include the reasonable estimate of 6% sales growth per year and reasonable estimate of margin increase. The aluminum chair is treated in the preceding paragraph.

**D. Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnity or reimburse for payments made to satisfy the judgment.**

No claims have been brought against PSM Group in this action. Accordingly, no judgment may be entered against PSM Group in this action.

Respectfully submitted,

POLSINELLI SHALTON FLANIGAN SUELTHAUS PC

By: /s/ John J. Curry____________________

ANTHONY J. NASHARR (#6185855)
JOHN J. CURRY JR. (#3121647)
CARINA M. SEGALINI (#6287348)
Two Prudential Plaza
180 N. Stetson Avenue, Ste. 4525
Chicago, IL 60601
(312) 819-1900
Fax No. (312) 819-1910

ATTORNEYS FOR PLAINTIFF
PROFESSIONAL SALES AND MARKETING GROUP

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by email, facsimile and U.S. Mail, postage prepaid, this 9th day of October, 2007, to:

William A. Chittenden, Esq.
Morgan J. Milner
Chittenden, Murday & Novotny LLC
303 West Madison Street, Suite 1400
Chicago, IL 60606
Fax: 312-281-3678

John A. Bannon, Esq.
Sailesh K. Patel, Esq.
Ayad P. Jacob, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
Fax: 312-258-5600

David C. Burton, Esq.
Poynter R. William, Esq.
Williams Mullen
222 Central Park Avenue, Suite 700
Virginia Beach, VA 23462
Fax: 757-473-0395

/s/ John J. Curry