IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RENETTO, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:07-cv-00789-GBL-TCB |
| | ) |
| PROFESSIONAL SALES AND | ) |
| MARKETING GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

### DECLARATION OF TODD SHRAIBERG

I, Todd Shraiberg, declare as follows:

1. I am over the age of eighteen, I have personal knowledge of the matters stated herein, and I am therefore competent to make this declaration.

2. I am the President of Professional Sales and Marketing Group, Inc., ("PSM").

3. PSM is an Illinois corporation and it maintains its principal place of business in Northbrook, Cook County, Illinois.

4. PSM conducts no business in Virginia related to the Canopy Chair or any of Renetto's claims or allegations in this cause of action.

5. PSM does not have an office in the State of Virginia.

6. No representative of PSM ever traveled to Virginia in connection with its business agreements with Renetto or the Canopy Chairs.

7. PSM does not provide or sell the Canopy Chairs or any Canopy Chair-related products in Virginia.

364363.1


DEFENDANT'S EXHIBIT 1

8. PSM did not advertise or otherwise solicit business for the Canopy Chairs or any Canopy Chair-related products in Virginia.

9. PSM sold the Canopy Chairs and Canopy Chair-related products to its major corporate retail customers through their corporate purchasing departments. All of these sales occurred outside of Virginia.

10. PSM facilitated the manufacture of the Canopy Chairs and Canopy Chair-related products at its contract production facility in China. PSM handled the financing of the purchases, which resulted in the delivery of the Canopy Chairs to Kmart, BJ's Wholesale Club, and Garden Ridge, retailers referenced in Renetto's Opposition, in China, and those retailers imported the products into the United States. Renetto was paid on these pre-distribution sales, except for payments frozen due to this litigation. For purposes of clarity, and for all practical purposes, Sears and Kmart are a single company in relation to these sales.

11. PSM never sold any of the Chairs to Target.

12. Once corporate purchasers take delivery of the Canopy Chairs, those purchasers have complete rights to and control over the chairs. The retailers who purchased the Chairs from us took delivery of them through their freight forwarders in China. PSM had no control over how or where its major retail customers distributed and sold the Canopy Chairs.

13. PSM never purposefully directed its products toward Virginia.

14. The documents referred to by Steve Tinto in his Declaration are documents which were created by PSM, and said documents are receipts, not invoices. Said documents all reflect commissions already paid to Renetto; they do not reflect any amount due and owing from PSM to Renetto.

15. PSM has never manufactured or facilitated the manufacture of Renetto chairs to compete, "knock off", dilute, or mimic the sale of the Renetto Canopy Chair or the Related Chairs as alleged by Renetto at p. 4 of its Opposition Memorandum.

16. I have never spoken to either Swimways or its employee Vittone at any time before the Illinois litigation in the manner alleged by Renetto in its Opposition Memorandum at p. 7.

17. Steve Tinto, a member of Renetto, LLC, resides in Arizona approximately 2,500 miles from Virginia. Paul Robinette, a member of Renetto, LLC, resides in Ohio, approximately 585 miles from Virginia.

18. PSM does not have any information which would show that any of the subject Chairs were ever sold by retailers in Virginia. Renetto has not provided to PSM any documentation reflecting any sales of the subject Chairs in Virginia.

19. PSM did not accept purchase orders for the subject Chairs after June 30, 2007.

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge.

Respectfully submitted this 31st day of October, 2007.

_____
TODD SHRAIBERG