UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RENETTO, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:07-cv-00789-GBL-TCB |
| ) | |
| PROFESSIONAL SALES AND ) | |
| MARKETING GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S
### MOTION TO RECONSIDER DENIAL OF MOTION TO CHANGE VENUE

PSM respectfully request this Court to reconsider its denial of PSM's Motion to Change Venue. The first-filed doctrine, to prevent waste of judicial resources, dictates that the first court to asset jurisdiction over a case should be the court to decide the matter. *See* Affinity Memory & Micro, Inc. v. K&Q Enter., Inc., 20 F. Supp. 2d 948, 954 (E.D. Va. 1998). In its November 2, 2007 order denying PSM's Motion to Change Venue, this Court may have concluded that the first-filed rule did not apply because the U.S. District Court for the Northern District of Illinois ("Illinois District Court") stopped exercising its jurisdiction over the case previously filed by PSM in that Court before Renetto, LLC ("Renetto") filed its complaint in this Court. In this Motion to Reconsider, PSM clarifies that the Illinois District Court never stopped asserting subject matter jurisdiction over the first-filed case in that court, and thus, PSM's Motion to Change Venue should be granted.

I.   **LEGAL STANDARD FOR MOTION TO RECONSIDER**

A district court has the power to reconsider and modify its interlocutory orders at any time prior to final judgment. American Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th

Cir. 2003) (*citing* Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)); *see also* Fed. R. Civ. P. 54(b) (any order that resolves fewer than all claims "is subject to revision at any time before the entry of judgment"). Such motions for reconsideration are not subject to the strict standards applicable to motions for reconsider of final judgments. American Canoe Ass'n, 362 F.3d at 514. The power to reconsider its order is committed to the discretion of the district court. Id. At 515. Indeed, "[T]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." Id.

## II. LEGAL STANDARD FOR MOTION TO CHANGE VENUE UNDER FIRST-FILED RULE

The Fourth Circuit, as well as other circuits, has adopted the "First Filed Rule", which governs the determination of which court should consider a dispute. In general, when the same parties pursue similar litigation in two separate federal courts, principles of comity dictate that the case should proceed where the action was first filed. Elliot Mach. Corp. v. Modern Welding Co., 502 F.2d 178, 180 n. 2 (4th Cir.1974) (citing Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421, 423 (2d Cir.1965)); Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F.Supp.2d 357, 360 (W.D.N.C.2003); First Nationwide Mortgage Corp. v. FISI Madison, L.L.C., 219 F.Supp.2d 669, 672 (D.Md.2002). In determining whether the first-filed rule is applicable, courts apply a three-factor test, considering (1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues being raised. Nutrition & Fitness, 264 F.Supp.2d at 360.

The first-filed rule turns on *which court first asserts jurisdiction over a matter*. "Under the 'first-filed' rule, for purposes of choosing between possible venues when parallel litigation has been instituted in separate courts, the court in which jurisdiction first attaches should be the one to decide the case." Affinity Memory & Micro, Inc. v. K&Q Enter., Inc., 20 F. Supp. 2d 948, 954 (E.D. Va. 1998); *see also* Ellicott Machine Corp. v. Modern Welding Co., Inc., 502

F.2d 178, 180 (4th Cir. 1974) ("It has long been held in this circuit that, as a principle of sound judicial administration, the first suit should have priority, 'absent the showing of balance of convenience in favor of the second action.'").

Here, PSM filed its original complaint in Illinois on June 13, 2007, which was approximately two months before Renetto filed its Virginia Complaint. *See* Affinity, 20 F. Supp. 2d at 954 n.10 ("When a state action is removed to federal court, for first-to-file purposes, the state court filing date is the date used."). Renetto and the other defendant named in that lawsuit removed the case to the Illinois District Court on July 13, 2007. Since that date, the Illinois District Court has continuously and uninterruptedly asserted jurisdiction over the claims and parties in the case filed in that Court. See Exhibit A, Declaration of John J. Curry, ¶¶ 1-24.

Renetto and PSM's complaints revolve around the same facts and issues. The determination of one of the lawsuits will have a substantial and probably dispositive effect on the other. Further, Renetto's claim before this Court constitutes a compulsary counterclaim in the action in the Illinois District Court. FRCP Rule 13 provides that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." FRCP Rule 13(a). Renetto's claims meet each of these standards. Renetto's claim in this Court arise out of the business relationship between PSM and Renetto for the production and sale of the Renetto Chair, which is the basis of the action in the Illinois District Court. As such, the facts support PSM as to the second factor this Court must consider in determining the "First Filed" question.

Finally, PSM sued Renetto and Renetto's ally, Swimways Corporation ("Swimways"). The key parties in both cases are PSM and Renetto. PSM is required to file an answer, which it will do before the hearing on this motion, and PSM will bring Swimways into this matter. The actions involve identical parties, so the facts support PSM's position on the third and final factor that this Court must consider in determining the "First Filed" question.

### III. THE FIRST-FILED RULE IS APPLICABLE HERE BECAUSE AT NO TIME DID THE ILLINOIS DISTRICT COURT STOP EXERCISING SUBJECT MATTER JURISDICTION OVER THE FIRST-FILED CLAIMS AND PARTIES IN THAT COURT.

PSM respectfully submits that in denying PSM's Motion to Change Venue, this Court misinterpreted that the Illinois District Court's July 17, 2007 Minute Order ("Minute Order"). (*See* Exhibit B to PSM's Reply Br. in Supp. of its Motion). In the Minute Order, the Illinois District Court dismissed without prejudice PSM's complaint, which the Defendants had just removed from state court, so that PSM could file an appropriately styled federal complaint or a motion for remand. The Illinois District Court also ordered the parties to engage in settlement talks and to file a joint status report by August 20, 2007. Id. This Court may have concluded that this Minute Order dismissed the entire action, or released the parties from the jurisdiction of the Illinois District Court, but it is submitted that this is not a correct reading of the Minute Order.

The Minute Order did not diminish the Illinois District Court's authority over the parties or the claims presented in that court. This is clear from the language of the Minute Order itself. Under Fed. R. Evid. 201(b), this Court may take judicial notice of the dockets and orders issued by other courts. See Morris Law Office v. Tatum, 388 F. Supp. 2d 689, 703 n.11 (W.D. Va. 2005). In the Minute Order, the Illinois District Court continues to assert jurisdiction over the case and the parties by ordering the parties to file a joint status report. (*See* Exhibit B to PSM's

4

Reply Br. in Supp. of its Motion.) If the Illinois District Court had relinquished its jurisdiction over the parties, it would not have had any authority to require the parties to do anything. Further, the parties understood that the Illinois District Court continued to assert jurisdiction over the case. Neither Renetto nor Swimways asserted that the Illinois District Court lacked jurisdiction, when it ordered the parties to file a joint status report. Rather, both Renetto and Swimways acknowledged the continuing subject matter jurisdiction of the Illinois District Court by dutifully complying with the Minute Order and filing a status report by the August 20, 2007 deadline. (*See* Exhibit A to PSM's Reply Br. in Supp. of its Motion at #19; see also Exhibit A, Decl. of J. Curry, at ¶¶ 10-11, 19.

Renetto and Swimways further acknowledged the Illinois District Court's continuing jurisdiction by engaging in the court-ordered settlement negotiations. As is made clear in the declaration of PSM's counsel John Curry (Exhibit A hereto), counsel for Renetto participated in settlement negotiations from July 25, 2007 until August 9, 2007. Id. at ¶¶ 10-16. During a conference on that day, counsel for Renetto took a position that created an absolute impasse in negotiations. Id. at ¶ 17. After counsel for PSM advised that the impasse would have to be reported to the Illinois District Court and that the litigation would have to continue in that Court, counsel for Renetto rushed to this Court to initiate this duplicative litigation. *See* Id.; Learning Network, Inc. v. Discovery Comms., Inc., 11 Fed. Appx. 297, 301 (4th Cir. 2001) (Courts "look with disfavor upon races to the courthouse and forum shopping. Such procedural fencing is a factor that counsels against exercising jurisdiction over a declaratory judgment action.").

Moreover, the Illinois District Court has since indirectly acknowledged that its jurisdiction over the parties and the case continued after the Minute Order. PSM moved the Illinois District Court to clarify the Minute Order and particularly to address whether it retained

jurisdiction after the Minute Order. On November 7, 2007, the Honorable Ruben Castillo of the Illinois District Court held a hearing on the motion. The following colloquy occurred:

| | Excerpt of Transcript from November 7, 2007 Hearing before Judge Castillo (p. 3 line 13 to p. 4, line 18) |
|---|---|
| Counsel for PSM | Your Honor, Professional Sales doesn't want to re-litigate the motion in Virginia. However, it does want to file a Rule 59 motion to reconsider in Virginia. |
| The Court | And that's up to Judge Lee. |
| Counsel for PSM | And it's up to Judge Lee. |
| The Court | Right. |
| Counsel for PSM | But one of the issues that arose in the Virginia litigation is the understanding of your Honor's July 17, 2007 minute order. If you'll recall. |
| The Court | I recall, but is it your position that Judge Lee, as capable as he is, just doesn't understand what my order says? |
| Counsel for PSM | I think what – what he's unclear as to is whether your honor retained subject matter jurisdiction, and it seems clear to me from the order in which you required that the parties undertake settlement discussions before filing any additional pleadings and you indicated in that minute order, and I have a copy here if your honor wants it -- |
| The Court | I don't need a copy. |
| Counsel for PSM | Okay. Indicated that the parties shall file a joint status report on August 20. |
| The Court | I know what it says, counsel. |
| Counsel for PSM | And **if your Honor did not retain subject matter jurisdiction, your Honor wouldn't have ability to order that the parties file a joint status report on the 20th**. *(emphasis added)* |
| The Court | **And you're telling me that Judge Lee can't tell that from the order?** Is that your position? *(emphasis added)* |
| Counsel for PSM | Frankly, I think yes, your Honor. |
| The Court | Okay, Well, you go talk to Judge Lee about that because I'm denying your motion. Judge Lee is fully capable of knowing what my order says. That's all I am going to say. Thank you. Have a good day. |

See Exhibit B, Transcript of Proceeding before the Honorable R. Costillo, November 7, 2007.

It is submitted that Judge Castillo did view his retention of jurisdiction as clear (PSM Counsel, "And if your Honor did not retain subject matter jurisdiction, your Honor wouldn't have ability to order that the parties file a joint status report on the 20th....[to which the Court responded "[a]nd you're telling me that Judge Lee can't tell that from the order?") These comments and Judge Castillo's prior actions that ordered the parties to undertake both settlement discussions and the filing of a joint status report, established that subject matter jurisdiction remained throughout the subject period and was not interrupted by a total dismissal. It would, therefore, be a manifest injustice to PSM, if this Court did not reconsider its determination in light of Judge Castillo's comments. Zinkand v. Brown, 478 F.3d at 636-37.

IV.   **THE FIRST-FILED RULE APPLIES BECAUSE PSM SUBSEQUENTLY FILED AN AMENDED COMPLAINT.**

This Court's ruling also presents a clear error of law. Id. Even if the Illinois Court lacked subject matter jurisdiction, PSM's filing of its amended complaint related back to the original filing date. As such its June 2007 complaint is the first filed complaint, rather than Renetto August 21, 2007 complaint in this Court. The Illinois Court granted PSM leave to file an amended complaint. (*See* Exhibit A to PSM's Reply Br. in Supp. of its Motion at # 9, 20). That complaint, which PSM filed on October 2, 2007, is before the Illinois Court at this moment. Exhibit A attached, ¶¶ 22-24. The law provides that this amended complaint relates back to the original filing, so this Court cannot consider Renetto's complaint in this case to be the first-filed complaint. Rather, for the purposes of the first-filed rule, PSM's amended complaint relates back to the date of the original complaint.

Because the first-filed rule turns on *which court first asserts jurisdiction over a matter*, "... the point of inquiry is the original complaint, not the amended complaint." Schering Corp.

v. Amgen, Inc., 969 F.Supp. 258, 267 (D.Del. 1997); *see also* Advanta Corp. v. Visa U.S.A., Inc., 1997 WL 88906 at *3 (E.D. Pa. Feb 19, 1997) ("Advanta cannot avoid application of the first-filed rule simply by asserting that it was not initially a party to the earlier filed action. The first-filed rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute."). The date of PSM's original complaint is the controlling date for the first-filed rule, so PSM's amended complaint predates Renetto's complaint. *See* Time-Warner Cable, Inc. v. GPNE Corp., 497 F. Supp. 2d 584, 589 n.47 (D.Del. 2007). Because PSM's original complaint in Illinois was filed two months before Renetto's complaint in this Court, the first-filed rule dictates that the Illinois District Court should be resolve this matter. It is irrelevant that Renetto filed its complaint in this Court before the date of PSM's amended complaint in the Illinois District Court.

## V.  THE CONVENIENCE OF THE PARTIES FAVORS TRANSFER TO THE ILLINOIS DISTRICT COURT.

The only exception to the application of the "first-filed rule" is the "showing of the balance of convenience in favor of the second action". Elliott Machine, *supra*, 502 F.2d at 180. The presumption that the first-filed case should be allowed to proceed may be rebutted by a showing that "an imbalance of convenience or some other special circumstance that militates in favor of proceeding with the later suit instead of the first-filed action." Applexion S.A. v. Analgamated Sugar Co., 1995 WL 404843 at *2 (N.D.Ill. July 2, 1995); Dahlstrom Mfg. Co. v. Storage Technology Corp., 1994 WL 14839 at *2 (W.D.N.Y. Jan. 19, 1994). Thus Renetto must show that a compelling imbalance of convenience merits an exception to the "first-filed rule" here. It did not do so in its presentations related to PSM's Motion to Change Venue, and it cannot do so given the relevant facts.

In arguing for the propriety of proceeding with this case in Virginia, Renetto has argued that one of its members resides in Maryland but within the subpoena power of the Court and that a resident of Virginia Beach would be a non-party witness. See Memorandum in Opposition to Motion to Transfer, Oct. 26, 2007 (Docket No. 17) at p. 9. Accordingly, Renetto has argued that the case should proceed in this Court and not in Illinois on forum non conveniens grounds. 28 U.S.C. §1404(a). But the circumstances of this case clearly show that the application of the standards for forum non conveniens require that the case stay in Illinois. Those standards require that the original plaintiff's choice of forum be given substantial weight, especially if the plaintiff sues in its home district. D'Addrio v. Geller, 264 F.Supp.2d 367, 391 (E.D.Va. 2003); Peterson v. U.S. Steel Corp., 624 F.Supp. 44, 45 (N.D.Ill. 1985). PSM, the plaintiff in the first filed suit here, filed its complaint within its home district, northern Illinois. See Affidavit of Todd Shraiberg, Oct. 11, 2007, Ex. E to Memorandum in Support of Motion to Transfer, Docket No. 14; Declaration of John J. Curry, Exhibit A attached hereto, at ¶ 25. Thus, Renetto must demonstrate that all the convenience factors outweigh PSM's original choice of venue. See D'Addrio, supra; Peterson, supra.

The facts clearly show that the factors ordinarily considered do not outweigh PSM's choice of venue in Illinois. With respect to the factor of access to sources of proof and the convenience of parties and witnesses (see Byerson v. Equifax Information Services, LLC, 467 F.Supp.2d 627, 631 (E.D.Va. 2006)), the facts show that PSM's officers, who are clearly necessary witnesses, and PSM's manufacturing, billing, and accounting documentation, clearly necessary according to Renetto's complaint, are located within the Northern District of Illinois. Affidavit of Todd Shraiberg, supra, at ¶¶ 1-10. The Eastern District of Virginia is convenient only to the two witnesses (only one a non-party) identified by Renetto. However, all of the other

remaining witnesses are located extremely far away from Virginia, including witnesses in Illinois, Arizona, Ohio, and Hong Kong. See id.; Exhibit E to Rebuttal Brief, Oct. 31, 2007, Docket No. 21; Exhibit A, Decl. of J. Curry, at ¶¶ 25-26. Attending court in Virginia would be no more convenient for the parties and the witnesses, or easier for access to proof, than the court in Illinois. Indeed, given the respective location of evidence and witnesses, Chicago, Illinois is probably more convenient for them. See, e.g. Declaration of Todd Shraiberg, Exhibit I to Rebuttal Brief, Docket No. 21, at ¶ 17. On these convenience factors, the facts do not demonstrate that Virginia is such a more convenient forum in a manner which outweighs PSM's choice of forum.

As to the factor of "the interest of having local controversies decided at home", Virginia is not "home" to any event or transaction pertaining to the contractual and business relationship between Renetto and PSM. See Byerson, supra, 467 F.Supp.2d at 631. Indeed, the contract was negotiated and signed in Northbrook, Illinois. Affidavit of Todd Shraiberg, supra, Docket No. 14, at ¶¶ 5-10; Declaration of Todd Shraiberg, supra, Docket No. 21, at ¶¶ 9-10. The work performed by PSM pursuant to that contract and all other agreements between those two parties were either performed in Northbrook, Illinois or were managed from Northbrook, Illinois and performed in China and various states, but not in Virginia. Id. Thus, when PSM filed its complaint in the state court in the Northern District of Illinois, it filed in its "home" district, and the Northern District of Illinois, where the contract was negotiated, executed, and administered, in the "home" venue for the dispute. The Illinois District Court will therefore be resolving a "local" controversy.

Finally, the court's familiarity with the law will be a factor in determining the appropriate venue in diversity cases. Byerson, supra, 467 F.Supp.2d at 631. Renetto alleges the contract

between the parties as the controlling transaction in this lawsuit, grounding three of its four counts. See Complaint, Cts I, II, IV. As shown, the contract was negotiated, executed, and administrated in Northbrook, Illinois within the Northern District of Illinois. Affidavit of Todd Shraiberg, supra, Docket No. 14, at ¶¶ 5-10; Declaration of Todd Shraiberg, supra, Docket No. 21, at ¶¶ 9-10; Exhibit A to Complaint for Injunctive and Other Relief, itself Exhibit A to Memorandum in Support of Motion to Transfer Case, Docket No. 14. Further, as shown, PSM was expected to perform under the contract, and it did so in Illinois. See id. As shown in the contract, Exhibit A to the Complaint (id.), the executed contract did not contain a choice of law provision. Accordingly, as a contract negotiated, executed, administered, and performed in Illinois, the law of the state of Illinois will apply to an adjudication of Renetto and PSM's rights and obligations under that contract. Oakes v. Chicago Fire Brick Co., 388 Ill. 474, 477-78, 58 N.E.2d 460, 462 (1944); Boise Cascade Home and Land Corp. v. Utilities, Inc., 127 Ill.App.3d 4, 12, 468 N.E.2d 442, 448 (1984); Curran v. Kwon, 153 F.3d 481, 488 (7th Cir. 1998) (construing Illinois law as now applying the "most significant contacts" approach as governing contract choice of law). Alternatively, these facts show that Illinois is the jurisdiction with the most significant contacts with the contract between the parties, and that Illinois law would control the determination of rights under the contract. See id. On the other hand, there is no basis whatsoever for applying Virginia law to the contractual issues in this case because none of the events or transactions related to the contractual relations between the parties had any contact with the state of Virginia. Under these circumstances, the factors clearly favor retention of jurisdiction in Illinois.

Accordingly, a consideration of the pertinent factors bearing on the question of whether the law of forum non conveniens requires transfer of the Illinois case to Virginia results in the

conclusion that the law does not mandate such a transfer. PSM's choice of forum is entitled to substantial weight and the pertinent forum non conveniens standards do not demonstrate that factors exist which clearly outweigh PSM's choice.

An additional factor is the interest of justice. Byerson, supra, 467 F.Supp.2d at 631. Indeed, Virginia is not home to any party here, and Virginia contract law will not apply here. The only connection Virginia has to this case is one resident witness identified by Renetto and a handful of phone calls made to individuals in Virginia. No "interest of justice" compels a conclusion that the balance of convenience merits trumping the first-filed rule and keeping venue in the Virginia District Court. Accordingly, facts of this case clearly show, and Renetto has not demonstrated otherwise, that the balance of convenience factors does not rise to the level necessary to reject the application of the first-filed rule. Indeed, all relevant factors support the application of the first-filed rule here due to the convenience of the Illinois Court to witnesses and evidence, the application of Illinois law, and the current dilemma of two mirror-image disputes involving the same transactions and occurrences progressing concurrently in two different federal courts. As the interest of justice warrants the economic use of judicial resources and the avoidance of multiple proceedings threatening conflicting results, the applicable equities clearly counsel transfer of this case to the Northern District of Illinois under the first-filed rule.

## VI.   CONCLUSION

This Court should transfer this case to the Illinois District Court, so the Illinois District Court, which is already familiar with the issues involved, can resolve the entire dispute.

Respectfully submitted,

POLSINELLI SHALTON FLANIGAN SUELTHAUS PC

<u>/s/ William D. Blakely</u>
William D. Blakely
VA Bar No. 24415
555 12th Street, NW, Suite 710
Washington, DC 20004
Telephone: (202) 626-8310
Fax: (202) 783-3535
wblakely@polsinelli.com


ATTORNEYS FOR PROFESSIONAL SALES &
MARKETING GROUP, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by (____) U.S. Mail, postage prepaid; (____) fax; (____) Federal Express; **(X) Electronic Notification**; and/or (____) hand delivery this 13th day of November, 2007, to:

Anthony Francis Vittoria
VA Bar No. 41132
Ober Kaler Grimes & Shriver
120 E Baltimore Street, 8th Floor
Baltimore, MD 21202-1643
Telephone: (410) 685-1120
Fax: (410) 547-0699
afvittoria@ober.com

*Attorney for the Plaintiff*
*Renetto, LLC*

/s/ William D. Blakely
William D. Blakely
VA Bar No. 24415
Polsinelli Shalton Flanigan Suelthaus PC
555 12th Street, NW, Suite 710
Washington, DC 20004
Telephone: (202) 626-8310
Fax: (202) 783-3535
wblakely@polsinelli.com

*Attorney for the Defendant*
*Professional Sales and*
*Marketing Group, Inc.*