# Exhibit A

State of Illinois  )
                   )
County of Cook     )

## DECLARATION OF JOHN J. CURRY

I, John J. Curry, declare as follows:

1. I am over the age of 18, I have personal knowledge of the matters stated herein, and I am therefore competent to make this declaration. Pursuant to 28 U.S.C. § 1746, I am making this declaration for use in connection with, and in support of, Defendant Professional Sales and Marketing, Inc. Motion to Reconsider.

2. At all relevant times, I have been an attorney duly licensed to practice law in the State of Illinois and in the United States District Court for the Northern District of Illinois. In addition, I have been the primary attorney for Professional Sales & Marketing Group, Inc. (PSM) case against Renetto LLC first filed in the Circuit Court of Cook County, Chicago, Illinois under the caption Professional Sales & Marketing Group, Inc. v. Renetto LLC and Swimways Corporation, Case Number 07 CH 15657, which was removed to the United States District Court for the Northern District of Illinois on July 13, 2007, under the style Professional Sales & Marketing Group, Inc. v. Renetto LLC, 07 C 3951.

3. On June 13, 2007, Professional Sales & Marketing Group, Inc. filed a complaint against Renetto LLC and Swimways Corporation in the Circuit Court of Cook County, Chicago, Illinois. The complaint was assigned the Case Number of 07 CH 15657.

4. On or about June 28, 2007, the complaint in Cook County Case Number 07 CH 15657 was served on Swimways Corporation. On June 30, 2007, a copy of the same complaint was served on Renetto LLC.

5. On or about July 1, 2007, Paul Robinett, a member of Renetto LLC, requested from PSM an opportunity to discuss the allegations contained in PSM's complaint rather than proceed to litigation. PSM agreed to enter into discussions with Renetto and Swimways for the purposes of attempting to settle the case.

6. Due to scheduling conflicts among the various parties, the first opportunity that the parties to the lawsuit pending in Cook County, Illinois had to engage in a conference to discuss possible settlement was July 9, 2007. On July 9, 2007, the following individuals (the entity represented being indicated in parenthesis) engaged in a telephonic conference to discuss possible settlement of the Cook County lawsuit: myself (PSM), Todd Shraiberg (PSM), Howard Shraiberg (PSM), Royal Craig (Renetto), Tony Vittoria (Renetto), Paul Robinette (Renetto), David Reeb (Renetto), Steve Tinto (Renetto), David Burton (Swimways), William Poynter (Swimways), and Anthony Vittone (Swimways). In the course of that telephonic settlement conference, PSM made a settlement demand. In response, Swimways and Renetto requested that PSM's oral settlement demand be reduced to writing so that they could consider it. Accordingly, PSM's settlement demand was reduced to writing by my letter of July 10, 2007, which was delivered that day to David Burton, attorney for Swimways, and Royal Craig, attorney for Renetto.

7. During the period between July 10 and July 12, 2007, attorney Burton for Swimways indicated that PSM's written settlement demand could not be further evaluated unless PSM provided Swimways and Renetto with PSM's customer list. I stated to Mr. Burton that such a list was proprietary and confidential to PSM, but that in the interest of attempting to settle the case, the list would be provided to Swimways and Renetto if the parties entered into a confidentiality agreement pertaining to its disclosure to those parties. Mr. Burton said that he

would be willing to review and consider such a confidentiality agreement if PSM drafted one and provided it to him for review. Accordingly, beginning on or about July 12, 2007, my law firm began the preparation of a proposed confidentiality agreement for review by Swimways. However, in the meantime, unbeknownst to me, my firm, and PSM, Renetto and Swimways, through attorneys Royal Craig and David Burton assisted in the preparation of a removal petition to remove the Cook County case to the United States District Court for the Northern District of Illinois, which removal petition was filed on July 13, 2007.

8. On July 13, 2007, Renetto LLC and Swimways Corporation jointly filed a notice of removal of Cook County Case Number 07 CH 15657 to the United States District Court for the Northern District of Illinois. Under that petition, counsel for Renetto LLC was the law firm of Schiff Hardin LLP of Chicago, Illinois, with Royal Craig and Anthony Vittoria of Ober Kaler, listed of counsel. The removal petition also reflected the firm of Chittenden Murday & Novotny LLC of Chicago, Illinois as counsel for Swimways Corporation with the pro hac vice motions pending for the admission of David Burton and William Poynter for Swimways. The removal petition was supported by the declaration of Paul Robinett.

9. Neither I nor anyone else connected with or representing PSM was notified of the fact of the filing of the removal petition on July 13, 2007. In fact, Burton continued to discuss with me the possibility of consent to a confidentiality agreement for the purposes of facilitating settlement discussions without disclosing plans for or the filing of the removal petition. Also, on or about July 18, 2007, Burton for the first time disclosed to me the fact that his client and Renetto had filed the removal petition. Immediately after that discussion on July 18, 2007, I examined the electronic docket of the United States District Court for the Northern District of Illinois and read for the first time both the removal petition filed on July 13, 2007 and the July

3

17, 2007 order of Judge Castillo. Although defendants were required to serve a copy of their removal petition on counsel of record in the Cook County case for PSM, no such service was ever made by the defendants before the entry of the July 17, 2007 order.

10. On July 18, 2007, I reviewed the July 17, 2007 minute order of Judge Ruben Castillo entered in the removed case of <u>Professional Sales & Marketing Group, Inc. v. Renetto LLC and Swimways Corporation</u>, bearing United States District Court docket number 07 C 3951, and said order read as follows:

> After carefully review of this recently removed state court complaint, said complaint is dismissed without prejudice to the filing of and appropriate amended federal complaint or a timely motion to remand. The parties are also requested to fully exhaust all settlement possibilities for this dispute prior to filing any further pleadings. Parties to file a joint status report by 8/20/2007.

11. By virtue of being subject to Judge Castillo's "request" to "fully exhaust all settlement possibilities" prior to "filing any further pleadings" and the judge's direction to file a joint status report by August 20, 2007, I understood Judge Castillo to be exercising continuing subject matter jurisdiction over Case Number 07 C 3951. In addition, nothing occurred thereafter to alter my understanding that Judge Castillo continued to exercise continuing jurisdiction over the case.

12. Prior to July 18, 2007, I had been counsel of record on at least two other cases before Judge Castillo, and had learned that Judge Castillo demands strict adherence to his court orders and directives, with any deviation therefrom permitted only under the most compelling circumstances and otherwise sanctioned. Accordingly, I understood Judge Castillo's "request" to exhaust "settlement possibilities" to mean a clear directive to the parties to engage in

4

meaningful, good faith settlement discussions, and that the failure to do so would jeopardize any attempt to file "any further pleadings". Based on my experience in prior cases with Judge Castillo, I understood that if PSM failed to engaged in good faith settlement negotiations with the defendants, PSM would be subject to any number of penalties or sanctions deemed appropriate by Judge Castillo to address any failure of PSM to comply with his order.

13. On July 19, 2007, I conducted another telephone conference with attorney David Burton (Swimways), and discussed with him Judge Castillo's directive for the exhaustion of all settlement possibilities before any further proceedings in his court. Attorney Burton agreed to work with me on arranging another group telephone conference among all the parties for the purpose of discussing possible settlement.

14. Due to scheduling conflicts among the parties, the parties were unable to arrange a settlement conference until July 25, 2007. On the afternoon of July 25, 2007, the parties again participated in a telephone conference for the purposes of discussing possible settlement. To the best of my recollection, the individuals who participated in that telephonic conference were myself, Todd Shraiberg (PSM), Howard Shraiberg (PSM), David Burton (Swimways), Anthony Vittone (Swimways), Royal Craig (Renetto), Paul Robinett (Renetto), and Steve Tinto (Renetto). In the course of this telephone conference, Swimways made its first offer to settle the matter. In response, PSM made an oral counteroffer. Swimways and Renetto then declined to discuss PSM's counteroffer and stated that they would consider it if PSM put the offer in writing.

15. In response to Renetto and Swimway's request for a memorialization of PSM's counteroffer in writing, I drafted and delivered to their counsel on July 30, 2007 a letter memorializing the history of the settlement negotiations to date and the content of PSM's July

5

25, 2007 counteroffer. In that letter, I demanded that defendants respond to our counteroffer no later than July 31, 2007.

16. As of July 31, 2007, Renetto had not made any offer to PSM to settle the matter of any monetary value. Accordingly, from approximately July 31, 2007 on, I attempted to discuss this aspect of defendant's position and PSM's concerns about it with attorney Royal Craig of Ober Kaler. Due to Mr. Craig's travel schedule, he was unable to thoroughly discuss the matter with me on any particular day. Accordingly, our communications consisted of phone messages left for one another and Mr. Craig's representation to me that he had to consult further with his client. On August 6, 2007, I conducted a telephone conference with attorney Craig on the matter of the settlement negotiations, and he indicated to me that he would need to consult with his client with respect to PSM's counteroffer related to Renetto. Attorney Craig assured me a response within one or two days.

17. After two days, attorney Craig had not reported back to me. Therefore on August 9, 2007, I telephoned him and inquired as to whether or not he had any response from his client. In response to my inquiry, attorney Craig stated to me that Renetto had absolutely no proposal or offer in response to PSM's counteroffer and would not accept PSM's counteroffer. I stated to him that such a position would create an absolute impasse in the settlement negotiations, that I did not perceive how a settlement could be discussed any further among the parties given Renetto's position, and that the impasse should be reported to Judge Castillo. Attorney Craig did not say anything in response to my statement. That afternoon, after my telephone conference with attorney Craig, Craig's law firm filed the complaint styled <u>Renetto LLC v. Professional Sales & Marketing Group, Inc.</u>, Case Number 07 CV 789 in the United States District Court for the Eastern District of Virginia. Neither Craig nor any other attorney with his office notified me

6

that Renetto intended to file a complaint in the United States District Court for the Eastern District of Virginia. After the filing of that complaint, neither Craig nor any other attorney with his office notified me or any attorney with my law firm that it had filed a complaint in the United States District Court for the Eastern District of Virginia. I did not learn about the Eastern District of Virginia case until approximately August 19, 2007.

18. Because by August 16, 2007, PSM had not had any further proposals for settlement from any of the defendants, I filed a motion for leave to file an amended complaint in Case Number 07 C 3951 pending in the United States District Court for the Northern District of Illinois, framing said motion in a manner to comply with Judge Castillo's directives contained in his July 17, 2007 order. Accordingly, my motion contained a report to the court that settlement negotiations had been attempted but were not successful and further representing that the amended complaint had modified the original complaint so that all the requirements for a complaint imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Illinois were accommodated. Pursuant to the Local Rules for notice of motion, I noticed the August 16, 2007 motion for presentment hearing on August 21, 2007.

19. Between approximately August 16th and 20, 2007, I engaged in conferences, most by emails, with counsel for Renetto and Swimways regarding the content of a joint status report to be filed in the United States District Court for the Northern District of Illinois in compliance with Judge Castillo's July 17, 2007 Order. After the conferences, I determined that because neither Renetto nor Swimways could agree to the content of a joint status report that I deemed necessary to include in such a report, I indicated to counsel that I believed that it was not possible to prepare a timely joint status report and that PSM would file its own status report independently.

On behalf of PSM, I filed PSM's status report on August 20, 2007 in the United States District Court for the Northern District of Illinois. Also on August 20, 2007, defendants, including Renetto, filed a separate status report with that court.

20. On August 21, 2007, a hearing was held in the United States District Court for the Northern District of Illinois in case number 07 C 3951, and I and counsel for Renetto and Swimways were present and appeared for that hearing. Judge Castillo, presiding in that hearing, granted PSM's motion for leave to file its amended complaint, but instructed me as PSM's counsel to refrain from filing the complaint until a settlement conference mediated by the Judge was held. Accordingly, Judge Castillo ordered the convening of a settlement conference in his chambers for September 12, 2007. Based on a later scheduling objection by Swimways, Swimways requested that the settlement conference be changed to another date, and the court accommodated that request, resetting the settlement conference for September 25, 2007.

21. On September 25, 2007, I participated in a settlement conference before Judge Castillo in Chicago, Illinois in the case of Professional Sales & Marketing Group, Inc. v. Renetto LLC and Swimways, 07 C 3951. Also attending that settlement conference were representatives and counsel for Renetto and Swimways, as well as principals of PSM. At the conclusion of the conference, Judge Castillo indicated to the parties that he did not believe that a settlement was possible on that date due to the respective positions of the parties. Accordingly, Judge Castillo ordered that PSM file its amended complaint within seven days, ordered plaintiff's to make Rule 26(a)(1) disclosures to defendants by October 9, 2007, and ordered defendants to make Rule 26(a)(1) disclosures by October 16, 2007. A status hearing was also ordered for October 30, 2007.

22. On October 2, 2007, I had an amended complaint on behalf of PSM filed in Chicago in Case Number 07 C 3951. On October 15, 2007 defendant Swimways filed in the same case a motion to dismiss one of the claims contained in the amended complaint. On October 16, 2007, Swimways filed in the same case an answer to the amended complaint with affirmative defenses. On October 22, 2007, Renetto filed in the same case an answer to the amended complaint.

23. On October 30, 2007, Judge Castillo ordered a further status hearing on January 10, 2008 in the same case. Judge Castillo granted plaintiff until November 20, 2007 to response to defendant Swimways motion to dismiss. He further ordered Swimways' reply to be filed by December 4, 2007. Judge Castillo further ordered that all discovery be completed by April 30, 2008. In addition, Judge Castillo ordered that the case be referred to the calendar of Magistrate Judge Arlander Keys for the purpose of holding settlement conferences.

24. At no time between July 17, 2007 and October 2, 2007, the date of the filing of PSM's amended complaint in the United States District Court for the Northern District of Illinois in Case Number 07 C 3951, was I or anyone at my firm notified that case number 07 C 3951 was closed and that that court had no subject matter jurisdiction over the matter. To the contrary, the Clerk of the Circuit Court accepted numerous filings relating to the matter and Judge Castillo handled the case as if it was an ongoing, pending case. At no time did I or my firm have any filings in Case Number 07 C 3951 on behalf of PSM rejected or refused by the Clerk of the United States District Court for the Northern District of Illinois. At no time was I in possession of any information which would indicate that Judge Castillo did not intend that his orders and directives issued on July 17, 2007, in particular the "request" to engage in settlement negotiations and his order that a status report be filed, be obeyed or that they were otherwise null, void, or ineffective.

25. On October 9, PSM served a Rule 26(a)(1) disclosure upon Defendants Renetto and Swimways in the Illinois District Court Case (no. 07 C 3971). A true and correct copy of that disclosure was attached as Exhibit E to PSM's Rebuttal Brief filed on October 31, 2007 in the Eastern District of Virginia (No. 07-CV-789). As indicated in that disclosure, virtually all of the documents which PSM would rely upon to either prosecute its case in Illinois (No. 07 C 3971) or defend against the case in Virginia (No. 07-CV-789) are located at PSM's corporate headquarters in Northbrook, Illinois, which is within the jurisdiction of the United States District Court for the Northern District of Illinois. Thus, documentary proof and evidence relevant to both matters is easier to access in Illinois, where a one-hour automobile drive can get the material to court, than in Virginia, where interstate delivery of the documents of over 700 miles would be required.

26. Litigation of the issues raised in either Case No. 07-C-3951 or No. 07-CV-789 would be easier for PSM in Illinois, where an hour's commute would get PSM's employees and officers, its counsel, and its documents to court, than in Virginia, which would instead require long interstate travel for PSM's employees and officers, with overnight hotel stays, as well as interstate shipment of documents.

27. Upon information and belief, Renetto has no employees who work or reside within the Eastern District of Virginia, and Renetto maintains no business office and keeps no business records germane to this dispute in the Eastern District of Virginia.

28. I declare, under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct to the best of my present knowledge.

Respectfully submitted this 12th day of November 2007.

_____
John J. Curry, Jr.

JOHN J. CURRY JR. (IL ARDC #3121647)
Polsinelli Shalton Flanigan Suelthaus PC
180 N. Stetson Avenue, Ste. 4525
Chicago, IL 60601
(312) 819-1900
Fax No. (312) 819-1910

11