UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| RENETTO, LLC<br>a Maryland limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL SALES AND<br>MARKETING GROUP, INC.,<br>an Illinois corporation,<br><br>Defendant.<br>_____<br><br>PROFESSIONAL SALES AND<br>MARKETING GROUP, INC.,<br>an Illinois corporation,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>RENETTO, LLC<br>a Maryland limited liability company,<br><br>Counterclaim-Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No.: 1:07CV789-GBL/TCB |

PROFESSIONAL SALES AND MARKETING GROUP, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO RENETTO, LLC'S
VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Defendant, Professional Sales and Marketing Group, Inc. ("PSM"), by

and through its counsel, for its answer and affirmative defenses to Renetto, LLC's ("Renetto")

Verified Complaint and Demand for Jury Trial (the "Complaint"), and in support thereof states

as follows:

## ANSWER

## GENERAL RESPONSE

To the extent that any allegation to the Complaint is not specifically admitted in this Answer, PSM denies the same.

## I.    PARTIES

1.    Plaintiff Renetto, LLC ("Renetto") is and was at all times pertinent hereto a limited liability company organized under the laws of the State of Maryland. The members of Renetto are as follows: (1) Paul Robinette, a citizen of the state of Ohio; (2) David Reeb, a citizen of the state of Maryland; and (3) Steve Tinto, a citizen of the state of Arizona. Renetto is in the business of inventing, designing, developing, advertising, and selling consumer lifestyle products.

**ANSWER:**

PSM has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth at Paragraph 1 of the Complaint and therefore can neither admit nor deny them, but demands strict proof thereof.

2.    Defendant Professional Sales and Marketing Group, Inc. ("PSM") is and at all times mentioned was a limited liability company organized under the laws of the State of Illinois. Howard Schraiberg is the chief executive officer (CEO) and sole shareholder of PSM. PSM is in the business of manufacturing and distributing outdoor furniture.

**ANSWER:**

Defendant denies that PSM is a limited liability company and denies that PSM is exclusively in the business of manufacturing and distributing outdoor furniture, but admits the remaining allegations set forth at Paragraph No. 2 of the Complaint.

2

## JURISDICTION AND VENUE

3.     The jurisdiction of this court over the subject matter of this action is predicated on 28 U.S.C. § 1332 in that plaintiff and defendants are residents of different states and the amount in controversy exceeds $100,000.

**ANSWER:**

Defendant denies knowledge or information sufficient to form an answer to the allegation in Paragraph 3 as the application of 28 U.S.C. § 1332 presents a question of law for the Court. Defendant denies the remaining allegation in Paragraph 3 that the plaintiff's have asserted a controversy that exceeds $100,000.00.

4.     This Court has personal jurisdiction over PSM as PSM conducts business in the Commonwealth of Virginia and derives substantial derives financial benefit from its business dealings within the state.

**ANSWER:**

Defendant denies the allegations set forth at Paragraph No. 4 of the Complaint.

5.     Venue is proper in the Eastern District of Virginia because a substantial part of the wrongs alleged herein were perpetrated in said District.

**ANSWER:**

Defendant denies the allegations set forth at Paragraph No. 5 of the Complaint.

## II.     FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.     The Canopy Chair

6.     Renetto invented, designed, and developed the Renetto Canopy Chair ("Canopy Chair"), which is a folding chair including an overhead canopy to block the sun from the person sitting in the chair.

3

**ANSWER:**

Defendant denies the allegations set forth in Paragraph No. 6 of the Complaint.

7.    Renetto applied for a patent for the Canopy Chair. (See Exhibit A: U.S. Patent Application No. 20070040422 by Reed et al. for "Canopy Chair" filed on July 12, 2006).

**ANSWER:**

Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations set forth at Paragraph 7 of the Complaint and therefore can neither admit nor deny them, but demands strict proof thereof.

8.    Renetto advertises and sells the Canopy Chair on two websites that it operates (*http://www.canopychair.com* and *www.renetto.com*).

**ANSWER:**

Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations set forth at Paragraph 8 of the Complaint and therefore can neither admit nor deny them, but demands strict proof thereof.

9.    Renetto has solely developed other related chairs including: (1) the Kids Canopy Chair; (2) the Beach Canopy Chair, (3) the Aluminum Canopy Chair; and (4) the Soft Top Canopy Chair ("Related Chairs").

**ANSWER:**

Defendant denies the allegations set forth at Paragraph No. 9 of the Complaint.

10.    Renetto expended substantial time, money, and effort in designing and developing the Canopy Chair and Related Chairs.

4

**ANSWER:**

Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations set forth at Paragraph 10 of the Complaint and therefore can neither admit nor deny them, but demands strict proof thereof.

**B.    The Verbal Distributorship Agreement**

11.    In mid-2005, Renetto and PSM entered into a verbal distributorship agreement, whereby PSM would manufacture and distribute the Canopy Chair for Renetto and in turn PSM would receive fixed royalty payments per unit of Canopy Chair sold.

**ANSWER:**

Defendant denies the allegations set forth at Paragraph No. 11 of the Complaint.

12.    The verbal distributorship agreement required *inter alia* for PSM to (a) timely pay royalties to Renetto for sales of the Canopy Chair, (b) provide accounting reports for sales of the Canopy Chair, (c) refrain from selling to specific third parties (including Target Corporation and Kmart Corporation), and (d) maintain confidentiality of Renetto's proprietary information.

**ANSWER:**

Defendant denies the allegations set forth at Paragraph No. 12 of the Complaint.

13.    PSM has violated the verbal distributorship agreement.    Specifically, upon information and belief, PSM significantly underreported sales of the Canopy Chair.    In addition, PSM did not provide accounting reports for sales of the Canopy Chair and it approached Target Corporation and Kmart Corporation in conjunction with the sale of the Canopy Chair.

**ANSWER:**

Defendant denies the allegations set forth at Paragraph No. 13 of the Complaint.

14.    In response, Renetto attempted to contact PSM via telephone to restore business relations, but their efforts were unsuccessful.

**ANSWER:**

Defendant denies the allegations set forth at Paragraph No. 14 of the Complaint.

15.    Accordingly, on or about March 2006, Renetto informed PSM that it would no longer utilize PSM as a distributor of the Canopy Chair or Related Chairs (the "First Termination").

**ANSWER:**

Defendant denies the allegations set forth at Paragraph No. 15 of the Complaint.

**C.    The Memorialized Distributorship Agreement**

16.    The First Termination did not result in a parting of ways, but rather led to further discussions. Renetto, in good faith, presented the issues that it had with PSM which caused the first termination. Specifically, Paul Robinette met with Howard Schraiberg in April 2006.

**ANSWER:**

Defendant admits that Paul Robinette met with Howard Schraiberg in April 2006, but denies each and every other allegation set forth at Paragraph No. 16 of the Complaint.

17.    As a result of the discussion, Renetto afforded PSM a second limited opportunity to correct its previous wrongdoing, and continue servicing Renetto as a distributor until December 31, 2006, Renetto and PSM memorialized the terms of this agreement in an e-mail. (See Exhibit B).

**ANSWER:**

Defendant admits that Renetto and PSM signed an agreement in April 2006, and Defendant further admits that the contract is set forth at Exhibit B of the Complaint, and further states that the contract speaks for itself, but denies each and every other allegation set forth at Paragraph No. 17 of the Complaint.

6

18.    Pursuant to the memorialized agreement, Renetto expressly reserved the right to allow PSM to continue or discontinue selling the Canopy Chair in 2007. Renetto also retained the right to sell the Canopy Chair directly to the public through its own website and otherwise.

**ANSWER:**

Defendant denies each and every allegation set forth at Paragraph No. 18 of the Complaint, and Defendant further states that the contract, Exhibit B of the Complaint, speaks for itself.

19.    The written agreement also specified, *inter alia*, that PSM was to (a) pay, in a timely fashion, royalties to Renetto for sales of the Canopy Chair, (b) provide accounting reports for sales of the Canopy Chair, (c) refrain from selling to certain third parties, (d) include Renetto at sales meetings, and (e) maintain confidentiality of Renetto's proprietary information. (See Exhibit B.)

**ANSWER:**

Defendant denies Plaintiff's iteration of the terms of the contract, and Defendant further states that the contract speaks for itself.

20.    PSM again failed to fulfill its obligations that were made abundantly clear in the email distributorship agreement. Specifically, and despite the express wording of the agreement, PSM failed to timely pay royalties or provide accounting reports for sales of the Canopy Chair. In addition, PSM scheduled marketing meetings without giving Renetto the opportunity to participate or be present at them.

**ANSWER:**

Defendant denies each and every allegation set forth at Paragraph No. 20 of the Complaint.

7

21.    In January 2007, Renetto again voiced its concerns but afforded PSM yet another opportunity to fulfill its obligations under the agreement, this time on a month-to-month basis. PSM still continued to be derelict in fulfilling its obligations.

**ANSWER:**

Defendant denies each and every allegation set forth at Paragraph No. 21 of the Complaint.

## D.    Renetto's Termination of the Distributorship Agreement and PSM's Tortious Retaliation

22.    In April 2007, Paul Robinette, on behalf of Renetto, informed PSM that the distributorship agreement was terminated and that PSM was to cease making sales of the Canopy Chair.

**ANSWER:**

Defendant admits the allegations set forth at Paragraph No. 22, but Defendant further states that Renetto was in breach of the agreement and was not entitled to "terminate" the Defendant's rights under the contract.

23.    Renetto also informed PSM that Renetto intended to allow Swimways Corporation ("Swimways") to distribute the Canopy Chair and Related Chairs. Swimways is a Virginia Beach, Virginia based company in the business of producing, marketing, and selling pool toys and other outdoor products.

**ANSWER:**

Defendant admits the allegations set forth at Paragraph No. 23.

24.    By the end of the first quarter of 2007, Renetto began negotiating with Swimways to serve as distributor of the Canopy Chair. Renetto also began negotiating the sale of the intellectual property rights to the Canopy Chair.

**ANSWER:**

Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth at Paragraph 24 of the Complaint and therefore can neither admit nor deny them, but demands strict proof thereof.

25.    Upon information and belief when PSM became aware that Renetto was negotiating with Swimways, PSM attempted to interfere with Renetto's negotiation and stop the sale of the Canopy Chair and Related Chairs to Swimways.

**ANSWER:**

Defendant denies each and every allegation set forth at Paragraph No. 25 of the Complaint.

26.    Specifically, upon information and belief, PSM's Schraiberg called Swimways' Vice President and General Counsel, Anthony Vittone and told Vittone that Renetto's product was inferior, shoddy, and not worth licensing.  Schraiberg also told Vittone that Renetto had licensed the Canopy Chair and Related Chairs to PSM and that Renetto did not have the authority to license the Canopy Chair and Related Chairs to Swimways.

**ANSWER:**

Defendant denies each and every allegation set forth at Paragraph No. 26 of the Complaint.

27.    In addition, upon information and belief, PSM continued making sales of the Canopy Chair after Renetto expressly instructed it to stop, and still continues.

**ANSWER:**

Defendant denies the allegations set forth at Paragraph No. 27 of the Complaint.

## COUNT ONE
### (Breach Of Contract)

28.     The allegations of Paragraphs 1-27 above are incorporated by reference as if fully set forth herein.

**ANSWER:**

Defendant re-states and re-alleges its answers to Paragraph Nos. 1-27 above, as if fully set forth herein.

29.     Both versions– the verbal and the memorialized – of the distributorship agreement between Renetto and PSM was a valid and binding contract between the parties.

**ANSWER:**

Defendant admits the allegations set forth at Paragraph No. 29.

30.     PSM has breached the distributorship agreement in several ways, including

a.     By approaching retailers including Target Corporation and Kmart Corporation without Renetto's authorization;

b.     By utilizing factories unauthorized by Renetto to manufacture the Canopy Chair and Related Chairs;

c.     By failing to maintain confidentiality of Renetto's proprietary information;

d.     By failing to provide full accounting reports for sales of the Canopy Chair and Related Chairs;

e.     By failing to pay Renetto royalties that are due; and

f.     By continuing to market, sell, and otherwise distribute the Canopy Chair and Related Chairs without authorization.

10

**ANSWER:**

Defendant denies each and every allegation set forth at Paragraph No. 30 of the Complaint, including subparts.

31.    Renetto performed all of its duties under the distributorship agreement and at no time was in breach thereof. In addition, all conditions precedent to maintaining that action have been performed by Renetto and Renetto is otherwise in full compliance with the distributorship agreement.

**ANSWER:**

Defendant denies each and every allegation set forth at Paragraph No. 31 of the Complaint.

32.    As a direct and proximate result of the defendants' breach of contract, Renetto suffered, and will continue to suffer, immediate, irreparable and considerable damages totalling more than $100,000.

**ANSWER:**

Defendant denies each and every allegation set forth at Paragraph No. 32 of the Complaint.

**COUNT TWO**
**(Breach Of Fiduciary Duty)**

33.    Renetto re-alleges and incorporates herein by reference Paragraphs 1 through 32 above.

**ANSWER:**

Defendant re-states and re-alleges its answers to Paragraph Nos. 1-32 above, as if fully set forth herein.

34.    At all relevant times, PSM was acting as Renetto's distributor in the marketplace, such that there was a relationship of trust and confidentiality between PSM and Renetto.

**ANSWER:**

Defendant admits that there was a relationship of trust and confidentiality between PSM and Renetto, but denies that PSM was acting as Renetto's distributor, and every other allegation set forth at Paragraph No. 34 of the Complaint.

35.    PSM has breached its fiduciary duty and duty of confidentiality by disclosing confidential information to Swimways, a third party whom Renetto was negotiating with.

**ANSWER:**

Defendant denies each and every allegation set forth at Paragraph No. 35 of the Complaint.

36.    PSM breached its underlying fiduciary duty to Renetto by performing the distributorship agreement in bad faith.

**ANSWER:**

Defendant denies the allegations set forth at Paragraph No. 36 of the Complaint.

37.    PSM's actions are, and were, intentional, willful and malicious.

**ANSWER:**

Defendant denies the allegations set forth at Paragraph No. 37 of the Complaint.

38.    Renetto has suffered, and will continue to suffer, irreparable injury and loss exceeding $100,000 as a result of PSM's intentional and malicious breach of fiduciary duty and duty of confidentiality.

**ANSWER:**

Defendant denies each and every allegation set forth at Paragraph No. 38 of the Complaint.

## COUNT THREE

### (Tortious Interference With Prospective Advantage)

39.     The allegations of Paragraphs 1-38 above are incorporated by reference as if fully set forth herein.

**ANSWER:**

Defendant re-states and re-alleges its answers to Paragraph Nos. 1-38 above, as if fully set forth herein.

40.     The defendants knew that Renetto was in negotiations with Swimways for the Canopy Chair and Related Chairs, and willfully and maliciously interfered with said negotiations.

**ANSWER:**

Defendant denies each and every allegation set forth at Paragraph No. 40 of the Complaint.

41.     Despite this knowledge, the defendants, without legal justification, intentionally and improperly interfered with Renetto's rights by disclosing confidential information to Swimways.

**ANSWER:**

Defendant denies the allegations set forth at Paragraph No. 41 of the Complaint.

42.     The defendants intentionally, and with improper motive to injure Renetto, untruthfully and unlawfully degraded the Canopy Chair and Related Chairs in effort to stop Renetto's sale of said Chairs to Swimways, without the knowledge of Renetto.

**ANSWER:**

Defendant denies the allegations set forth at Paragraph No. 42 of the Complaint.

43.    The negotiations between Swimways and Renetto regarding the Canopy and Related Chairs provided a clear, significant, and exclusive prospect of future economic advantage for the holder.

**ANSWER:**

Defendant denies the allegations set forth at Paragraph No. 43 of the Complaint.

44.    Renetto suffered from the untruthful discourse regarding said Chairs to Swimways. The tarnished negotiations between Renetto and Swimways resulted in Renetto's decreasing bargaining power and a reduced licensing fee from Swimways.

**ANSWER:**

Defendant denies each and every allegation set forth at Paragraph No. 44 of the Complaint.

45.    As a result of the defendants' past, and ongoing tortious conduct, Renetto has suffered, and will continue to suffer, irreparable injury and loss exceeding $100,000.

**ANSWER:**

Defendant denies the allegations set forth at Paragraph No. 45 of the Complaint.

## COUNT FOUR
### (Misappropriation Of Products)

46.    The allegations of Paragraphs 1-45 above are incorporated by reference as if fully set forth herein.

**ANSWER:**

Defendant re-states and re-alleges its answers to Paragraph Nos. 1-32 above, as if fully set forth herein.

47.    Without the consent or approval of Renetto, PSM has wrongfully misappropriated, sold and/or distributed product designs that had been acquired from Renetto as

the result of Renetto's significant expenditure of labor, skill, and money. Without authorization PSM is appropriating said designs and are selling them as their own. PSM is at a special advantage in the competition because it has not been burdened with any of the development expense as Renetto has.

**ANSWER:**

Defendant denies each and every allegation set forth at Paragraph No. 47 of the Complaint.

48.    PSM's unauthorized Canopy Chair and Related Chairs are of inferior quality to Renetto's Canopy Chair and Related Chairs and, consequently, said chairs are breaking apart leaving customers dissatisfied. Customers have complained to Renetto regarding the low quality chairs that they have bought from PSM.

**ANSWER:**

Defendant denies each and every allegation set forth at Paragraph No. 48 of the Complaint.

49.    PSM's unauthorized Canopy Chair and Related Chairs are being manufactured and sold at artificially low prices, prompting Renetto's direct customers to demand like prices and eroding Renetto's profit margin.

**ANSWER:**

Defendant denies each and every allegation set forth at Paragraph No. 49 of the Complaint.

50.    As a result of PSM's misappropriating Renetto's proprietary information (as covered by US Patent Application No. 20070040422 by Reed et al. for "Canopy Chair" filed on July 12, 2006), Renetto has suffered, and continues to suffer, severe economic injury, including

tarnished reputation, lost sales, profits and other compensatory damages totaling more than one hundred thousand dollars ($100,000).

**ANSWER:**

Defendant denies the allegations set forth at Paragraph No. 50 of the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

51.    That a permanent injunction issue out of this Court restraining Defendants, and their officers, agents, servants, employees, customers, and assignees from directly or indirectly making or causing to be made, selling or causing to be sold, or distributing or causing to be distributed any Canopy Chairs or Related Chairs or otherwise directly misappropriating Plaintiff's product.

**ANSWER:**

Defendant requests that the Plaintiff's prayer for relief as set forth at Paragraph No. 51 of the Complaint be denied.

52.    That this Court order the Defendants, and all officers, agents, servants and employees to deliver up to this Court for destruction all Canopy Chairs or Related Chairs or otherwise directly misappropriating Plaintiff's product.

**ANSWER:**

Defendant requests that the Plaintiff's prayer for relief as set forth at Paragraph No. 52 of the Complaint be denied.

53.    That the Defendants be ordered to account for and pay over all proceeds made by them from their wrongful breach of contract and to account for and pay to Plaintiff's damages in a sum determined by the Court.

**ANSWER:**

Defendant requests that the Plaintiff's prayer for relief as set forth at Paragraph No. 53 of the Complaint be denied.

54.    That this Court order the Defendant to account to Plaintiff for any direct or indirect profits and revenues realized from or attributable to Defendants' manufacturing and sale of all Canopy Chairs or Related Chairs.

**ANSWER:**

Defendant requests that the Plaintiff's prayer for relief as set forth at Paragraph No. 54 of the Complaint be denied.

55.    That this Court order Defendant to pay to Plaintiff the cost of this action, including reasonable attorneys fees and all other costs which may be incurred by Plaintiff.

**ANSWER:**

Defendant requests that the Plaintiff's prayer for relief as set forth at Paragraph No. 55 of the Complaint be denied.

56.    That this Court grant to Plaintiff such other and further relief as it may deem just and equitable.

**ANSWER:**

Defendant requests that the Plaintiff's prayer for relief as set forth at Paragraph No. 56 of the Complaint be denied.

## AFFIRMATIVE DEFENSES

Without prejudice to its denials and all other statements made herein and elsewhere, Defendant Professional Sales and Marketing Group, Inc., for its affirmative defenses to the Complaint, states as follows:

## FIRST AFFIRMATIVE DEFENSE

Renetto has failed to state a claim with regard to each cause of actions alleged in its Complaint.

## SECOND AFFIRMATIVE DEFENSE

Renetto's Complaint must be dismissed because this Court lacks personal jurisdiction over PSM.

## THIRD AFFIRMATIVE DEFENSE

Renetto's Complaint must be dismissed because this Court is not the proper venue.

## FOURTH AFFIRMATIVE DEFENSE

Renetto's claim is barred as duplicative litigation due to the fact that a lawsuit is pending in the United States District Court for the Northern District of Illinois based on the same transactions and occurrences alleged in the Complaint and involving the same issues raised and/or implicated in the Complaint, rendering this Compliant subject to transfer to the United States District Court for the Northern District of Illinois for disposition pursuant to the "first filed case" rule.

## FIFTH AFFIRMATIVE DEFENSE

Renetto's claims are barred, in whole or in part, because Renetto has failed to take appropriate steps to mitigate the purported damages Renetto claims it has suffered as a result of the acts alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Renetto's claims are barred, in whole or in part, because the alleged damages were not caused by PSM.

## SEVENTH AFFIRMATIVE DEFENSE

Renetto's claims are barred, in whole or in part, by reason of the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

Renetto's claims are barred, in whole or in part, by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

Renetto's claims are barred, in whole or in part, by the doctrine of ratification.

## TENTH AFFIRMATIVE DEFENSE

Renetto is barred from any recovery by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Renetto's claims are barred, in whole or in part, because Renetto breached its agreement to enter into a joint venture with PSM to jointly develop new chairs by selling all rights to market these chairs to a third party.

## TWELVETH AFFIRMATIVE DEFENSE

PSM reserves the right to amend its affirmative defenses as discovery proceeds.

WHEREFORE, for each of the foregoing reasons, Defendant Professional Sales and Marketing Group, Inc. respectfully pray that Plaintiff's Complaint be dismissed in its entirety and that Defendant be granted costs incurred, including attorneys' fees, and such other relief as is just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. 38(b), PSM demands a trial by jury of all issues raised by the pleadings and triable of right by a jury.

Respectfully submitted,

POLSINELLI SHALTON FLANIGAN
SUELTHAUS PC

/s/ William D. Blakely
William D. Blakely
VA Bar No. 24415
555 12th Street, NW, Suite 710
Washington, DC 20004
Telephone: (202) 626-8310
Fax: (202) 783-3535
wblakely@polsinelli.com

*Attorney for the Defendant*
*Professional Sales and Marketing Group, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by (____) U.S. Mail, postage prepaid; (____) fax; (____) Federal Express; **(X) Electronic Notification**; and/or (____) hand delivery this 16th day of November, 2007, to:

Anthony Francis Vittoria
VA Bar No. 41132
Ober Kaler Grimes & Shriver
120 E Baltimore Street, 8th Floor
Baltimore, MD  21202-1643
Telephone:  (410) 685-1120
Fax: (410) 547-0699
afvittoria@ober.com

*Attorney for the Plaintiff
Renetto, LLC*

/s/ William D. Blakely
William D. Blakely
VA Bar No. 24415
Polsinelli Shalton Flanigan Suelthaus PC
555 12th Street, NW, Suite 710
Washington, DC  20004
Telephone:  (202) 626-8310
Fax:  (202) 783-3535
wblakely@polsinelli.com

*Attorney for the Defendant
Professional Sales and
Marketing Group, Inc.*