UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| **RENETTO, LLC,** | * | |
| **Plaintiff**, | * | |
| v. | * | Civil Action No. 1:07CV789A |
| **PROFESSIONAL SALES AND MARKETING GROUP, INC.,** | * | |
| | * | |
| **Defendant.** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO RECONSIDER**

Renetto, LLC ("Renetto"), by and through undersigned counsel, hereby files this Opposition to the Motion to Reconsider Denial of Motion to Change Venue ("Motion to Reconsider") submitted by Defendant, Professional Sales and Marketing Group, Inc. ("PSM").

**I.    INTRODUCTION**

Despite unequivocal rulings by both this Court and the District Court for the Northern District of Illinois (the "Illinois Court"), PSM has gone to great lengths to get a second bite at the apple in this Court. PSM has done so by mischaracterizing the rulings of both courts and then by asserting that this Court has mistaken the Illinois Court's ruling and has committed a clear error of law. By twisting the orders of both Courts and by filing this Motion to Reconsider, PSM has improperly forced Renetto and the Court to expend additional time and resources. Accordingly, this Court should unilaterally reject PSM's Motion and decline to reconsider its ruling of November 2, 2007.

## II.     ARGUMENT

**A.     <u>PSM Has Not Presented Any New Law or Facts For The Court To Consider.</u>**

    **1.     The Northern District of Illinois *Denied* PSM's Motion for Clarification.**

The crux of PSM's Motion to Reconsider is that this Court "misinterpreted" the "Minute Order" issued by the Illinois Court on July 17, 2007. (*See* Memorandum in Support of PSM's Motion to Reconsider, at 4.) In the hopes of establishing that fact, PSM had earlier filed an "Emergency Motion for Clarification of Order" ("Motion for Clarification") with the Illinois Court. (A copy of PSM's Motion for Clarification has been attached hereto as Exhibit 1.)

In that Motion, PSM explained to the Illinois Court that it had filed a motion to change venue (the "Motion to Transfer") in this Court and had based that motion on the premise that the action that it had filed in Illinois had been the "first filed." (Exhibit 1, at 2.) According to PSM, Renetto opposed the Motion to Transfer on the grounds that the Illinois action had been dismissed.[1]  (*Id.*, at 3.) Likewise, PSM asserted that, during the hearing on the Motion to Transfer, this Court "observed" that the Illinois action was dismissed and that "accordingly Renetto was free to take any legal action it saw fit in any other Court thereafter." (*See* Exhibit 1, at 3.) PSM went on to assert that, based upon that observation, this Court denied PSM's Motion to Transfer.[2] (*Id.*)

PSM asserted in its Motion for Clarification that this Court's "observation" was wrong and that the Court had come to that mistaken conclusion because it had "misinterpreted" the

---

[1] Without rearguing the Motion to Transfer here, the Court will recall that the core of Renetto's Opposition was that PSM had failed to satisfy its burden of proving that this case should be transferred. (*See* Renetto's Opposition to PSM's Motion to Transfer.)

[2] As discussed in more detail below, this Court did not base its ruling on the sole fact that the Illinois case had been dismissed; rather, the Court explained in some detail that PSM had failed to sustain its burden of proof. (*See* hearing transcript, a copy of which is attached hereto as Exhibit 2, at 23.) Likewise, at no time did this Court ever indicate that "Renetto was free to take any legal action it saw fit in any other Court thereafter." (*Id.*)

Illinois Court's July 17, 2007 "Minute Order". (Exhibit 1, at 3.) PSM further explained to the Illinois Court that, in order "to support" the motion to reconsider that it intended to file in this Court, it wanted the Illinois Court to clarify the "Minute Order" by

> stating as of July 17, 2007, it maintained continuing jurisdiction over [the Illinois] case, that the parties were required to comply with this Court's directives through August 20, 2007, that the parties were bound to the directives of that order, including the preparation of a joint status report, and that at all times subsequent to July 17, 2007 this was not a "dismissed case".

(*Id.*, at 3- 4.)

Renetto opposed PSM's Motion for Clarification because, among other things, PSM had misstated the basis for this Court's denial of PSM's Motion to Transfer. Specifically, Renetto informed the Illinois Court that, despite PSM's assertions to the contrary, this Court denied PSM's Motion to Transfer because PSM had failed to sustain its burden of showing that the case should be transferred, and not simply because the Illinois Case had been dismissed. (*See* Opposition to Motion for Clarification, a copy of which is attached hereto as Exhibit 3, at 2.)

Having been fully briefed on what PSM was seeking and why it was seeking it, the Illinois Court denied PSM's Motion for Clarification. (*See* November 7, 2007 Order, a copy of which is attached hereto as Exhibit 4.) Incredibly, and despite the clear and unequivocal ruling of the Illinois Court, PSM asserts that the Illinois Court has actually clarified the record. However, as the Motion for Clarification was denied, there is absolutely no new legal information from the Illinois Court which should compel this Court to reconsider its prior ruling.

  **2.**  **PSM has not submitted any new evidence which would satisfy its heavy burden of showing that this case should be transferred.**

As pointed out in Renetto's Opposition to PSM's Motion to Transfer, PSM has a heavy burden of proof to show that the case should be transferred. *The Original Creatine Patent*

3

*Company, Ltd. v. Met-RX USA, Inc.*, 387 F. Supp. 2d 564, 566 (E.D. Va. 2005). The party seeking a transfer must make out a clear case for doing so, and must show – by affidavit or other evidence – that witnesses would be less inconvenienced, that trial will more conveniently proceed and that the ends of justice will be better served by a transfer. *Koh v. Microtek Int'l, Inc.,* 250 F. Supp. 2d 627, 633 (E.D. Va. 2003).

At the hearing on PSM's Motion to Transfer, this Court denied the Motion because PSM had failed to meet that heightened burden of proof:

> And I'm going to deny the motion to transfer venue because the defendant did not make any showing of what witnesses or proof was in Illinois.
>
> He says that there is, but there was no affidavit setting forth any information about which documents are in the Northern District of Illinois, what witnesses are there. And in the absence of some evidence to support that, there is no basis here under 1404 to change venue.

(Exhibit 2, at 23.)

PSM has provided the Court with no new evidence that indicates that this matter should be transferred to the Illinois Court. Indeed, most of the information contained in the Declaration of John J. Curry, which is attached as Exhibit A to PSM's Memorandum, is duplicative to what has already been provided to the Court, simply immaterial to the matter at hand or, worse yet, incorrect assertions of fact.[3] Accordingly, PSM has simply failed to provide any new evidence

---

[3] For example, in paragraph 24 of his declaration, Mr. Curry asserts that "[a]t no time between July 17, 2007 and October 2, 2007 . . . was I or anyone at my firm notified that case number 07 C 3951 was closed . . ." (*See* Curry Decl., at ¶ 24.) This assertion is demonstrably incorrect – on at least two occasions on August 17, 2007 Mr. Curry and other individuals with his firm received electronic CM/ECF receipt e-mails that specifically stated, in bold all-capital letters, "**WARNING: CASE CLOSED on 07/17/2007**". (*See* electronic CM/ECF e-mails receipts which are attached hereto as Exhibit 5.)

4

or information that would provide justification for the reconsideration of the Court's earlier ruling.

B.  **This Court's Earlier Ruling Was A Sound Exercise Of Its Discretion And Was Not "A Clear Error of Law".**

In its Motion, PSM further asserts that the Court should reconsider its November 2, 2007 ruling so as to "correct a clear error of law or prevent manifest injustice." (*See* PSM's Motion to Reconsider, at 1.) Again, PSM bases this argument on the fact that the Court did not blindly apply the "first-filed" rule when considering PSM's Motion to Transfer.[4]

The determination of whether to transfer a case is within the sound discretion of the trial court. *Samsung Electronics Co. v. Rambus, Inc.*, 386 F. Supp.2d 708, 715 (E.D. Va. 2005), *quoting Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). While a factor that may be considered by the district courts in exercising that discretion is the "first-filed" rule, the courts have uniformly held that the "first-filed" rule is not to be applied in a rigid, mechanical fashion. *Affinity Memory*, 20 F. Supp.2d at 954; *see also Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 350 (D.C. Cir. 2003) ("district court must balance equitable considerations rather than using a 'mechanical rule of thumb'"); *Nat'l Patent Dev. Corp. v. Am. Hosp. Supply Corp.*, 616 F. Supp. 114, (S.D.N.Y. 1984) ("first-filed" rule is "not to be applied in a mechanical way regardless of other considerations") (citations omitted). Indeed, one of the factors that should be considered by the Court before applying the "first-filed" rule is the status of the other action. *Affinity Memory*, 20 F. Supp.2d at 954.

---

[4] Interestingly, PSM has never raised the "first filed" issue with the Illinois Court despite the fact that the overwhelming authority indicates that a party should bring the issue before the court in which the first action was filed. *Affinity Memory & Micro, Inc. v. K&Q Enterprises, Inc.*, 20 F.Supp.2d 948, 954 (E.D.Va. 1998) (forum in which first action is allegedly filed is appropriate "to decide whether to give effect to the first-filed rule"); *see also Applexion S.A. v. Amalgamated Sugar Co.*, 1995 WL 404843, *2 (N.D. Ill. 1995) (same).

This Court's decision against employing the "first-filed" rule in a rigid and mechanical fashion was simply an exercise of its discretion, especially in light of the fact that the Illinois case had been dismissed when Renetto filed this action. *See Handy*, 325 F.3d at 353 (fact that "first-filed" case had been dismissed without prejudice and re-filed was a factor to be considered in determining whether to apply the rule.) Likewise, the Court was well within its discretion in ruling that PSM had failed to sustain its heavy burden of showing that this case should be transferred. Because PSM has failed to show that the Court has made an error of law, the Court should reject PSM's request that it reconsider its November 2, 2007 ruling.

### III.   CONCLUSION

For the foregoing reasons, Renetto respectfully requests that this Court enter an Order denying PSM's Motion for Reconsideration.

Respectfully submitted,

    /s/
Anthony F. Vittoria (VSB #41132)
Royal W. Craig
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 E. Baltimore Street
Baltimore, Maryland 21202
(410) 685-1120
(410) 547-0699 (facsimile)

*Attorneys for Plaintiff Renetto, LLC*

CERTIFICATE OF SERVICE

      I hereby certify that on the 23rd day of November, 2007, I electronically filed Plaintiff's Opposition to Defendant's Motion to Reconsider with the Clerk of Court using the CM/ECF system, which then sent a notification of such filing (NEF) to the following:

William D. Blakely
Polsinelli, Shalton, Flanigan, Suelthaus, PC
555 12th St. NW, Suite 710
Washington, DC 20004
Telephone: (202) 626-8310
Fax: (202) 783-3535
wblakely@polsinelli.com

*Attorney for the Defendant*
*Professional Sales and Marketing*
*Group, Inc.*

                                        /s/
                              Anthony F. Vittoria
                              Virginia bar number 41132
                              Attorney for Renetto, LLC
                              OBER, KALER, GRIMES & SHRIVER
                              120 E. Baltimore Street
                              Baltimore, Maryland 21202
                              (410) 685-1120
                              (410) 547-0699 (facsimile)
                              afvittoria@ober.com