IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PROFESSIONAL SALES AND MARKETING GROUP, INC., an Illinois Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 07-C-3951 |
| v. | ) ) | Hon. Ruben Castillo |
| RENETTO, LLC, a Maryland Limited Liability Corporation, | ) ) ) | Presiding Judge |
| and | ) ) | |
| SWIMWAYS CORPORATION, a Virginia Corporation, | ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S EMERGENCY MOTION FOR CLARIFICATION OF ORDER

Plaintiff Professional Sales and Marketing Group, Inc. ("PSM"), an Illinois corporation, by its attorneys Polsinelli Shalton Flanigan Suelthaus PC, hereby moves, on an emergency basis, for clarification by the Court of its July 17, 2007 Minute Order, and in further support thereof, states the following:

1. This case was removed from the Circuit Court of Cook County, Illinois to this Court on July 17, 2007 as a result of Defendant Renetto, LLC's Petition for Removal filed with this Court.

2. This motion is brought on an emergency basis because this Court entertains motions on only two days during the workweek, those days being Tuesdays and Wednesdays. On November 2, 2007, the Plaintiff was subject to an adverse ruling issued on that date by the United States District Court for the Eastern District of Virginia. Plaintiff has only ten (10) days to file a

Exhibit 01

motion for reconsideration of that Order. Accordingly, if this motion is not heard prior to November 12, 2007, PSM would be unable to bring this matter which is the subject of this motion to the attention of the Court in the Eastern District of Virginia in a timely fashion. Accordingly, Wednesday, November 7, 2007, the last day this Court hears motion before November 12, 2007, presents the last and only real opportunity for PSM to have this matter considered before that date and obtain the requested clarification.

3. Upon review of the Removal Petition and the Complaint filed in the Circuit Court of Cook County, Illinois, this Court issued an order *sua sponte* which ordered the following:

> After careful review of this recently removed state court complaint, said complaint is dismissed without prejudice to the filing of an appropriate amended federal complaint or a timely motion to remand. The parties are also requested to fully exhaust all settlement possibilities for this dispute prior to filing any further pleadings. Parties to file a joint status report by August 20, 2007.

Minute Order, July 17, 2007, attached hereto as Exhibit A.

4. On July 17, 2007, the parties had been engaged in informal settlement negotiations. These negotiations continued pursuant to the directive contained in the minute order referenced above. However, on August 9, 2007, without providing prior notice, Renetto, LLC filed its own complaint against PSM in the Eastern District of Virginia on matters arising out of the same transactions and occurrences referenced in PSM's complaint in the instant action in the United States District Court.

5. On October 12, 2007, PSM filed a motion in Renetto's case filed in the Eastern District of Virginia (Renetto LLC v. Professional Sales and Marketing Group, Inc., 1:07-CV-00789-GBL-TCB) to dismiss that case for lack of jurisdiction or to change venue to the United States District Court for the Northern District of Illinois. The motion to change venue is based on the premise that the instant case removed to this Court was the "first filed" case between the

parties, that all disputes arising out of the same transactions and occurrences between the parties should be litigated in the instant case before this Court as the "first filed" case, and that the Virginia case should be transferred accordingly. See Affinity Memory & Micro, Inc. v. K & Q Enter., Inc., 20 F.Supp.2d. 948, 954 (E.D. Va. 1998). Renetto opposed the transfer of the case on the ground that the instant "case" was "dismissed".

6. On November 2, 2007, Judge Gerald Lee of the United States District Court for the Eastern District of Virginia heard final argument on PSM's motion to dismiss and transfer, which was by then fully briefed. Judge Lee, ruling in open court, observed that the instant case was "dismissed" by Court order of July 17, 2007 and that accordingly Renetto was free to take any legal action it saw fit in any other Court thereafter. Based on that observation, Judge Lee denied PSM's motion to have the case transferred to the instant Court on the grounds of the "first filed" rule.

7. PSM believes that Judge Lee misinterpreted the meaning of the minute order of July 17, 2007. As shown, this Court ordered that the parties submit a joint status report or schedule a hearing in the case on August 20, 2007 and otherwise kept continuing jurisdiction over the case, and the case was not dismissed with prejudiced. The order of July 17, 2007 was not a dismissal on the merits but rather one directed towards having the pleadings conform to federal rules should the case not settle in the immediate future, or if the case was not remanded to the Illinois Circuit Court upon motion. Clearly, if the case did not remain pending, this Court could not have ordered that the parties submit a joint status report or schedule further hearings.

8. PSM seeks to bring a motion to reconsider Judge Lee's ruling of November 2, 2007. By operation of rule, PSM must file its motion no later than November 12, 2007. In order to support its motion, PSM seeks to have this Court's clarification of the meaning of its order of July 17, 2007. Renetto argues that the July 17, 2007 order dismissed this case completely in a

manner entitling it to initiate action in any other Court of appropriate jurisdiction. It appears to PSM that as of July 17, 2007, this Court deemed that it had continuing jurisdiction over this case pending such developments as a successful motion to remand, a voluntary motion to dismiss related to a settlement among the parties, or such other similar intervening event. Absent the occurrence of any such event, PSM concluded that this Court maintained continuing jurisdiction over this case and that the parties were bound by the orders of this Court, including the direction that a joint status report be prepared and presented by August 20, 2007.

9. Accordingly, PSM respectfully moves for an order or a statement of this Court clarifying its minute order of July 17, 2007 with respect to the dismissal without prejudice, stating that as of July 17, 2007, it maintained continuing jurisdiction over this case, that the parties were required to comply with this Court's directives through August 20, 2007, that the parties were bound to comply with the directives of that order, including the preparation of a joint status report, and that at all times subsequent to July 17, 2007 this was not a "dismissed case".

Respectfully submitted,

POLSINELLI SHALTON FLANIGAN SUELTHAUS PC

By: /s/ John J. Curry, Jr.
ANTHONY J. NASHARR (#6185855)
JOHN J. CURRY JR. (#3121647)
180 N. Stetson Avenue, Ste. 4525
Chicago, IL 60601
(312) 819-1900
Fax No. (312) 819-1910

ATTORNEYS FOR PLAINTIFF
PROFESSIONAL SALES AND MARKETING GROUP

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by using the CM/ECF system, which sent notification of such filing this 5th day of November 2007 to:

| | |
|---|---|
| William A. Chittenden, Esq.<br>Morgan J. Milner<br>Chittenden, Murday & Novotny LLC<br>303 West Madison Street, Suite 1400<br>Chicago, IL 60606 | John A. Bannon, Esq.<br>Sailesh K. Patel, Esq.<br>Ayad P. Jacob, Esq.<br>Schiff Hardin LLP<br>6600 Sears Tower<br>Chicago, IL 60606 |
| David C. Burton, Esq.<br>Poynter R. William, Esq.<br>Williams Mullen<br>222 Central Park Avenue, Suite 700<br>Virginia Beach, VA 23462 | |

/s/ John J. Curry