IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROFESSIONAL SALES AND MARKETING GROUP, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RENETTO, LLC, )<br>)<br>and )<br>)<br>SWIMWAYS CORPORATION, )<br>)<br>Defendants. ) | Case No.: 1:07-cv-03951<br>The Honorable Rubin Castillo |

**DEFENDANT RENETTO'S OPPOSITION TO
PLAINTIFF'S EMERGENCY MOTION FOR CLARIFICATION**

Defendant, Renetto, LLC ("Renetto"), by and through undersigned counsel, hereby submits this Opposition to the Emergency Motion for Clarification of Order filed by Plaintiff, Professional Sales and Marketing Group, Inc. ("PSM"), and, in support thereof, states the following:

1.  Preliminarily, it must be noted that there was absolutely no need for PSM to have filed this motion on an "emergency" basis. While PSM asserts that it only has ten days to file a "Motion for Reconsideration" of the order recently issued by the District Court for the Eastern District of Virginia (the "Virginia Court"), PSM fails to provide any support for that assertion. Indeed, there is nothing in the Local Rules of the Virginia Court that requires "Motions for Reconsideration" be filed within ten days. In addition, because the Virginia Court's order is not a final and dispositive order, there is nothing in the Federal Rules of Civil Procedure that require

1

**Exhibit 03**

PSM to file its Motion within ten days. Accordingly, PSM's motion should be denied because of its improper rush to this Court when no such rush was necessary.

2. In regard to the substance of PSM's Motion, PSM has misstated the reasoning behind the Virginia Court's order. Specifically, in rendering its decision on PSM's Motion to Dismiss or, in the Alternative, to Transfer Venue ("PSM's Transfer Motion"), the Virginia Court based its ruling upon PSM's failure to sustain its burden of showing that the case should be transferred.

3. As pointed out in Renetto's Opposition to PSM's Transfer Motion, PSM had a heavy burden of proof to show that the case should be transferred. *The Original Creatine Patent Company, Ltd. v. Met-RX USA, Inc.*, 387 F. Supp. 2d 564, 566 (E.D. Va. 2005). The party seeking a transfer must make out a clear case for doing so, and must show by a preponderance – by affidavit or other evidence – that witnesses would be less inconvenienced, that trial will more conveniently proceed and that the ends of justice will be better served by a transfer. *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 633 (E.D. Va. 2003). In PSM's Transfer Motion, it failed to make any particularized showing as to the testimony or witnesses that would be unavailable to it or otherwise inconvenienced if this matter was not transferred. It was this failure of proof that was the basis of the Court's denial of PSM's Transfer Motion. To the extent that the Virginia Court considered the status of the matter in this Court, PSM's motion again missed the mark. Specifically, the Virginia Court was well aware that this Court dismissed this action and granted PSM leave to re-file.

For these reasons, Plaintiff Renetto, LLC respectfully requests that the Court deny Plaintiff's Emergency Motion for Clarification of Order.

Respectfully submitted,

/s/ Ayad P. Jacob
Sailesh K. Patel
John Bannon
Ayad Jacob
6600 Sears Tower
233 South Wacker Drive
Chicago, IL  60606-6473
Firm ID #90219

Royal W. Craig
Anthony Vittoria
120 East Baltimore Street
Baltimore, Maryland 21202
Phone: (410) 347-7303
Fax: (443) 263-7503

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of November, 2007, the foregoing was filed using the CM/ECF system which provided notification and a copy of the foregoing to

John J. Curry
Anthony J. Nasharr
Carina M. C. Segalini
Polsinelli, Shalton, Welte, Suelthaus, PC
180 North Stetson Avenue, Suite 4525
Chicago, Illinois 60601

*Counsel for Professional Sales and Marketing Group, Inc.*

William A. Chittenden, III
Morgan A. Milner
Chittenden, Murday & Novotny LLC
303 West Madison Street, Suite 1400
Chicago, Illionois 60606

*Counsel for Swimways Corporation*

_____/s/_____
Ayad Jacob_____